JOSEPH D. ELFORD (SBN 189934)
JEREMY D. BLANK (SBN 172571)
Law Offices of Joseph D. Elford
600 Fell Street #101
San Francisco, CA 94102
Telephone: (415) 573-7842
Email: joeelford@yahoo.com

Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONA ALLEN; PAUL RAY HARRIS; SHAUN JONES; SCOTT OUTHOUT; ELVIN SIKES; NINA FAYE SIKES; NICOLE VAN SCHIACK; PRESTON WARREN; CALIFORNIA CHAPTER OF THE NATIONAL ORGANIZATION FOR THE REFORM OF MARIJUANA LAWS, and DOES 1-200,<br><br>           Plaintiffs,<br><br>v.<br><br>COUNTY OF LAKE, a municipal corporation; FRANCISCO RIVERO, in his individual and official capacities; CHRIS MACEDO, in his individual and official capacities; LOREN FREEMAN, in his individual and official capacities; RICHARD COEL, in his individual and official capacities, and DOES 1-50.<br><br>           Defendants. | Civil Action No.<br><br>**VERIFIED COMPLAINT FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION** |

## I. INTRODUCTION

1. Through their enactment of the Compassionate Use Act in 1996 and the Medical Marijuana Program Act in 2003, the California electorate and Legislature have promised

seriously ill Californians that they would be able to obtain and use marijuana where that use has been deemed appropriate by a physician. In particular, the electorate has determined through its 1996 initiative that qualified medical marijuana patients may cultivate and possess amounts of marijuana that are reasonably related to their personal medical needs. *People v. Kelly* (2010) 47 Cal.4th 1008, 1013; *People v. Trippet* (1997) 56 Cal.App.4th 1532, 1549. Notwithstanding this state law, the County of Lake ("Lake County" or "County") arbitrarily limits the amount of marijuana qualified medical marijuana patients may cultivate through its enactment of Ordinance No. 2997, later codified as Measure N. *See* Ordinance No. 2997 (or "Measure N") (attached hereto as Exhibit 1)

    2.    The crux of this case, however, is not about the arbitrary limitations of Measure N, but, rather, is about the arbitrary, and unconstitutional way that it is being enforced. To eradicate small amounts of marijuana under the Ordinance, six or more of the defendants raid the residences medical marijuana patients without a warrant or advance notice, dressed in camoflauge military attire and bearing guns and sharp cutting instruments, to chop down their plants. The fear they have created for all residents of the County of Lake violates both the warrant and due process requirements of the state and federal constitutions. Injunctive relief is needed to restore these constitutional principles.

## II. JURISDICTION AND VENUE

    3.    Plaintiffs bring this action to redress the deprivation of constitutional rights secured to them, and others, by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 7 and 19 of the California Constitution.

    3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. §§ 1983, 1985 and 1986. Plaintiffs also invoke supplemental jurisdiction

over their state law claims against defendants pursuant to 28 U.S.C. § 1367, as the state constitutional claims form part of the same case or controversy.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391 because the events giving rise to the complaint occurred in the County of Lake, which is in this judicial district.

### III.  THE PARTIES

**A.     Plaintiffs**

5. Plaintiff MONA ALLEN ("Allen") is a resident of Lake County. She is a sixty-year-old qualified patient under the laws of the State of California and, together with her husband, cultivated six (6) mature and six (6) immature marijuana plants for their personal medical needs. On August 1, 2014, officers from the Lake County Sherriff's Department, and possibly other agencies, came to their home without a warrant or prior notice to eradicate their medicine. Allen was not home at the time of the raid and did not consent to the search or seizure.

6. Plaintiff PAUL RAY HARRIS ("Harris") is a resident of Lake County. He is a sixty-six-year-old qualified patient under the laws of the State of California who cultivated nine (9) medical marijuana plants for his personal medical needs. On August 1, 2014, officers from the Lake County Sherriff's Department, and possibly other agencies, came to his home without a warrant or prior notice to eradicate his medicine. Allen was not home at the time of the raid and did not consent to the search or seizure.

7. Plaintiff SHAUN JONES ("Jones") is a resident of Lake County. He is a thirty-year-old qualified patient under the laws of the State of California who cultivated six (6) immature medical marijuana plants to alleviate symptoms associated with insomnia and anxiety. On August 1, 2014, officers from the Lake County Sherriff's Department, and possibly other

agencies, came to his home without a warrant or prior notice to eradicate his medicine. Jones did not consent to the search or seizure, which prompted the defendants to gain access to his property by lifting the gate, which was part of the fencing surrounding his medical marijuana garden, off its hinges.

8. Plaintiff SCOTT OUTHOUT is a resident of Lake County. He is a forty-five-year-old qualified patient under the laws of the State of California who cultivated four (4) mature medical marijuana plants and two (2) immature medical marijuana plants in accordance with California law. On August 1, 2014, approximately seven (7) officers from the Lake County Sherriff's Department, and possibly other agencies, came to his home without a warrant or prior notice to eradicate his medicine. Outhout was not at home at the time of the search and seizure and did not consent to the raid.

9. Plaintiff ELVIN SIKES ("Sikes") is a resident of Lake County. He is a seventy-eight-year-old qualified patient under the laws of the State of California who, together with his wife, cultivated fourteen (14) immature medical marijuana plants to alleviate symptoms associated with lung cancer. On August 1, 2014, approximately six (6) officers from the Lake County Sherriff's Department, and possibly other agencies, came to his home without a warrant or prior notice to eradicate their medicine. Sikes did not voluntarily consent to the search or seizure, which prompted the defendants to gain access to his property by going through two fences to chop down the marijuana plants with sharp instruments.

9. Plaintiff NINA FAYE SIKES ("Sikes") is a resident of Lake County. She is a seventy-year-old qualified patient under the laws of the State of California who, together with her husband, cultivated fourteen (14) immature medical marijuana plants in accordance with California law. On August 1, 2014, approximately six (6) officers from the Lake County

Sherriff's Department, and possibly other agencies, came to her home without a warrant or prior notice to eradicate their medicine. Sikes did not voluntarily consent to the search or seizure, which prompted the defendants to gain access to his property by going through two fences to chop down the marijuana plants with sharp instruments.

10. Plaintiff NICOLE VAN SCHAICK ("Van Schiack") is a resident of Lake County. She is a forty-four-year-old qualified patient under the laws of the State of California who cultivated twenty-five (25) medical marijuana plants to treat symptoms associated with the removal of her intestine in accordance with California law. On August 1, 2014, approximately six (6) officers from the Lake County Sherriff's Department, and possibly other agencies, came to her home without a warrant or prior notice to eradicate their medicine. Van Schaik was at home at the time of the raid, along with her five children, ages five to twenty-two. She did not voluntarily consent to the search or seizure, which prompted officer to threaten the arrest of her husband when he asked for a warrant.

11. Plaintiff PRESTON WARREN ("Warren") is resident of Lake County. He is a sixty-three-year-old qualified patient under the laws of the State of California and, together with his wife, cultivated six (6) mature and six (6) immature marijuana plants for their personal medical needs. On August 1, 2014, offices from the Lake County Sherriff's Department, and possibly other agencies, came to their home without a warrant or prior notice to eradicate their medicine. Warren was not home at the time of the raid and did not consent to the search or seizure.

12. Plaintiffs DOES 1 through 200 are a qualified medical marijuana patients who suffered similar fates as those plaintiffs described above. In particular, they suffered warrantless

searches and seizures without a warrant or advance notice. Plaintiffs are ignorant of their true identities at this time and will amend the complaint once their true identities are known.

**B.     Defendants**

13.     Defendant COUNTY OF LAKE is, and at all times mentioned herein was, a municipal corporation within the State of California.

14.     Defendant FRANCISCO RIVERO is, and at all times mentioned herein was, the Sherriff of Lake County. He is sued in his individual and official capacities.

15.     Defendant CHRIS MACEDO is, and at all times mentioned herein was, the acting Undersherriff of Lake County. He is sued in his individual and official capacities.

16.     Defendant LOREN FREEMAN is, and at all times mentioned herein was, a Warden with California's Fish and Wildlife agency. He is sued in his individual and official capacities.

17.     Defendant RICHARD COEL is, and at all times mentioned herein was, the Community Development Director of Lake County. He is sued in his individual and official capacities.

18.     Plaintiff is ignorant of the true names of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and therefore alleges that each of the Doe defendants is legally responsible and liable for the injuries and damages hereinafter set forth, and that each of the said defendants proximately caused said injuries and damages by reason of their violation of constitutional and legal rights.

19. Each of the defendants caused and is responsible for the below-described unlawful conduct and resulting injuries by, among other things: personally participating in the unlawful conduct or acting jointly or conspiring with others who did so by authorizing, acquiescing or setting in motion policies, plans or actions that led to the unlawful conduct; by failing to take action to prevent the unlawful conduct; by failing and refusing with deliberate indifference to plaintiffs' rights; and by ratifying the unlawful conduct that occurred by agents and officers under their discretion and control, including failing to take remedial steps or disciplinary action.

### IV.   FACTS APPLICABLE TO ALL CAUSES OF ACTION

20. On November 4, 1996, California voters passed Proposition 215, which is codified as "the Compassionate Use Act" at California Health & Safety Code § 11362.5, to "ensure that seriously ill Californians have the right to obtain and use marijuana for medical purposes. . . ." (*See* Health & Safety Code § 11362.5(b)(1)).

21. Seven years later, due to "reports from across the state [that] have revealed problems and uncertainties in the [Compassionate Use Act] that have impeded the ability of law enforcement officers to enforce its provisions as the voters intended and, therefore, prevented qualified patients and designated primary caregivers from obtaining the protections afforded by the act," the Legislature, on September 10, 2003, enacted Senate Bill 420, Stats. 2003 c.875 ("SB 420"), to clarify the CUA's protections. *See* SB 420 § 1(a)(2). This Act expressly allows qualified patients and their primary caregivers to cultivate and possess sufficient quantities of marijuana that is reasonably related to their personal medical needs. *People v. Kelly* (2010) 47 Cal.4th 1008, 1013; *People v. Trippet* (1997) 56 Cal.App.4th 1532, 1549.

22. In furtherance of their cultivation of marijuana pursuant to State law, plaintiffs expended significant time, money, and other resources.

23. In violation of both the warrant and due process requirements of the state and federal constitutions, as further described in the attached declarations, defendants raided the residence of qualified medical marijuana patients and seized their property.

24. An actual and substantial controversy exists between plaintiffs and defendant as to their respective legal rights and duties. Plaintiffs contend that, as applied to them and to others similarly situated, defendants enforcement of Measure N is unlawful and unconstitutional. Defendants contend the opposite.

25. If not enjoined by the Court, defendants will continue to implement Measure N in derogation of the rights of plaintiffs and other similarly situated qualified medical marijuana patients. Such implementation will impose irreparable injury on the plaintiffs and these other persons.

26. Plaintiffs have no plain, speedy, and adequate remedy at law.

## V.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Violation of Plaintiffs' Fourth Amendment Rights (42 U.S.C. §§ 1983 and 1985)**

27. Plaintiffs reallege and incorporate by reference paragraphs 1 through 26 of this Complaint as though fully alleged herein.

28. By entering the residences (or cartilage) of plaintiffs' property without a warrant, defendants violated the Fourth Amendment to the United States Constitution, which is a violation of 42 U.S.C. §§ 1983 and 1985.

## SECOND CAUSE OF ACTION

**Violation of Plaintiffs' Fourteenth Amendment Rights (42 U.S.C. §§ 1983 and 1985)**

29.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 28 of this Complaint as though fully alleged herein.

30.     By entering the residences (or cartilage) of plaintiffs' property without advance notice or an opportunity for a hearing, defendants violated the Fourteenth Amendment to the United States Constitution, which is a violation of 42 U.S.C. §§ 1983 and 1985.

## THIRD CAUSE OF ACTION

**Violation of California Constitution, article 1, § 7, subdivision (a) and Civil Code § 52.1**

31.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 30 of this complaint as though fully set forth herein.

32.     Article 1, section 7, subdivision (a) of the California Constitution and Civil Code Section 52.1 prohibit the warrantless searches and seizures of property without a warrant.

33.     By entering the residences (or cartilage) of plaintiffs' property without a warrant, defendants violated the California Constitution and the Bane Civil Rights Act, Cal. Civil Code § 52.1.

## FOURTH CAUSE OF ACTION

**Violation of California Constitution, article 1, § 7, subdivision (a) and Civil Code § 52.1**

34.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 33 of this complaint as though fully set forth herein.

35.     Article 1, section 7, subdivision (a) of the California Constitution and Civil Code Section 52.1 prohibit the warrantless searches and seizures of property without a due process.

36. By entering the residences (or cartilage) of plaintiffs' property without advance notice or an opportunity for a hearing, defendants violated the California Constitution and the Bane Civil Rights Act, Cal. Civil Code § 52.1.

## V.  RELIEF SOUGHT

WHEREFORE, plaintiffs, on behalf of themselves and others similarly situated, seek the following relief:

1. A declaration that the defendants' actions are unlawful and unconstitutional;

2. A temporary restraining order and preliminary and permanent injunction, enjoining the defendants and their agents and employees from entering the private property of anyone without securing a warrant, by foot, motor vehicle, or helicopter, unless that property is in an open field;

3. A temporary restraining order and preliminary and permanent injunction, enjoining the defendants and their agents and employees from entering the private property by foot, motor vehicle or helicopter of anyone and seizing their property without advance notice of at least five (5) days and the opportunity for a meaningful hearing;

4. A temporary restraining order and preliminary and permanent injunction, enjoining the defendants and their agents and employees from taking continued action against anyone under the Ordinance where defendants failed to secure a warrant and/or failed to provide advance notice;

5. A temporary restraining order and preliminary and permanent injunction, enjoining the defendants and their agents and employees from flying helicopters within 500 feet feet from the outer circumference of any residence;

6. Costs and attorneys fees incurred in this action; and

7. Such other and further relief as may be just and proper.

DATED: August 28, 2014

                                                                                 _____
                                                                                 JOSEPH D. ELFORD

                                                                                 Counsel for Plaintiffs

**VERIFICATION**

I declare that my offices are located in the County of San Francisco, which is not the same county as the named plaintiffs, so I verify this Complaint on their behalf.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this ___ day of July, in San Francisco, California.

_____
JOSEPH D. ELFORD

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial of this action.

DATED: August 28, 2014

                                           _____

                                           JOSEPH D. ELFORD

                                           Counsel for Plaintiffs