**P O R T E R | S C O T T**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants COUNTY OF LAKE, FRANCISCO RIVERO, CHRIS MACEDO, and RICHARD COEL

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONA ALLEN; PAUL RAY HARRIS; SHAUN JONES; SCOTT OUTHOUT; ELVIN SIKES; NINA FAYE SIKES; NICOLE VAN SCHIACK; PRESTON WARREN; CALIFORNIA CHAPTER OF THE NATIONAL ORGANIZATION FOR THE REFORM OF MARIJUANA LAWS, and DOES 1-200, | CASE NO.  3:14-CV-03934-TEH |

Plaintiffs,

v.

COUNTY OF LAKE, a municipal corporation; FRANCISCO RIVERO, in his individual and official capacities; CHRIS MACEDO, in his individual and official capacities; LOREN FREEMAN, in his individual and official capacities; RICHARD COEL, in his individual and official capacities, and DOES 1-50.

Defendants.

_____/

**DEFENDANTS COUNTY OF LAKE, FRANCISCO RIVERO, CHRIS MACEDO AND RICHARD COEL'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

**Date:  October 6, 2014**
**Time: 10:00 a.m.**
**Crtm: 12**
**Judge: Thelton E. Henderson**

Amended Complaint Filed:  September 1, 2014

# TABLE OF CONTENTS

I.  INTRODUCTION……………………………………………………...…1

II.  ALLEGATIONS OF THE COMPLAINT/ASSERTED CLAIMS…………...………………..1

A.  Voter-Approved Measure N………………………………………………...…1

B.  Plaintiffs' Allegations and Claims…………………………………………….2

III.  LEGAL STANDARD FOR PRELIMINARY INJUNCTION………………….………....3

IV.  ARGUMENT…………………………………………………………….……..4

A.  Plaintiffs Have Made no Showing of a Strong Likelihood of Success on Their Claim for Injunctive Relief………………………………………………………………..……….4

1.  Plaintiffs Have not Alleged Sufficient Standing to State Claims for Violation of the Fourth or Fourteenth Amendment Pursuant to 42 U.S.C. Section 1983 …………...4

i.  Plaintiffs do not Allege Sufficient Standing Under the Fourth Amendment.................................................................................4

ii.  Plaintiffs do not Allege Sufficient Standing Under the Fourteenth Amendment…………………………………………….……..5

2.  Plaintiffs Fail to Allege Sufficient Facts of the Individual Defendants' Respective Involvement…………………………………………………….……5

3.  Plaintiffs' Claim for Violation of Due Process is Barred…………………….……6

4.  Plaintiffs Fail to Allege Sufficient Facts of a Monell-Type Claim……………..6

5.  The Complaint Fails to State a Claim Under 42 U.S.C. § 1985…………….…...10

6.  Plaintiffs Fail to State a Claim for Conspiracy Under Sections 1983 and 198….11

7.  Plaintiffs Fail to State a Claim Under 42 U.S.C. Section 1986……………..…….12

8.  The Common Law Claims Against the County Fail as a Matter of Law by Virtue of Government Code Section 815……………………….........………….....…..12

9.  Plaintiffs' Claim for Violation of the California Constitution Fails as a Matter of Law……………………………………………….……13

10.  Plaintiffs Fail to State a Claim Pursuant to California Civil Code Section 52.1..13

B.  Plaintiffs Have Failed to Show a Strong Possibility of Irreparable Injury……………14

i

**DEFENDANTS COUNTY OF LAKE, FRANCISCO RIVERO, CHRIS MACEDO AND RICHARD COEL'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

{01313323.DOC}

C.    Plaintiffs Fail to Establish a Greater Hardship to Them Than to the Defendants, nor That the Public Interest Favors Granting the Injunction…………………………………………16

V.    CONCLUSION…………………………………………………………………..…16

**DEFENDANTS COUNTY OF LAKE, FRANCISCO RIVERO, CHRIS MACEDO AND RICHARD COEL'S**
**OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

{01313323.DOC}

**Federal Court Cases**

Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980)……………………………..…...11

Allee v. Medrano, 416 U.S. 802 (1974)……………………………………………….…...15

Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011)………………..……………3

Baker v. Carr, 369 U.S. 186, 204 (1962)......................................................................5

Barnett v. Centoni, 31 F.3d 813, 816-817 (9th Cir. 1994)……………………………….6

Becerra v. County of Santa Cruz, 68 Cal.App.4th 1450, 1457 (1998)………………………………13

Braley v. City of Pontiac, 906 F.2d 220, 227 (6th Cir. 1990)……………………………………12

Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992)………………………………11

Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3rd Cir. 1992)………………………14

Canlis v. San Joaquin Sheriff's Posse Comitatus, 641 F.2d 711, 717 (9th Cir. 1981)…………..……10

City of Canton v. Harris, 489 U.S. 378, 389-91 (1989)……………………………………………6

Collins v. City of Harker Heights, 503 U.S. 115 (1992)……………………………………7

Dahl v. HEM Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir. 1993)………………………………3

Fields v. Rockdale County, 785 F.2d 1558, 1561(11th Cir. 1986)………………………………7

Flatford v. City of Monroe, 17 F.3d 162, 170 (6th Cir. 1994)………………………………9

Friends of the Earth, Inc. v. Laidlaw Environmental Services, 528 U.S. 167 (2000)...........................4

GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1210 (9th Cir. 2000)……………………………3

Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)………………………………………11

Harris v. Roderick, 126 F.3d 1189, 1196 (9th Cir. 1997)…………………………………...11

Hill v. City of El Paso, 437 F.2d 352, 357 (5th Cir. 1971)………………………………………7

Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982)…………………………………………6,11

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)……………………………………….......5

Jones v. City of L.A., 44 F.3d 1118, 1136 (9th Cir. 2006)……………………………………15

Jones v. Flowers, 547 U.S. 220, 226 (2006)………………………………………………10

Jones v. Tozzi, 2006 U.S. Dist. LEXIS 63278 (E.D. Cal. 2006)…………………………………...10

Karim-Panahi v. Los Angeles Police Department, 839 F.2d 631, 626 (9th Cir. 1988)……………….12

**DEFENDANTS COUNTY OF LAKE, FRANCISCO RIVERO, CHRIS MACEDO AND RICHARD COEL'S
OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

{01313323.DOC}

Katzberg v. Regents of University of California, 29 Cal.4th 300, 307 (2002)............................13,14

Kinnison v. City of San Antonio, 480 Fed.Appx. 271 (5th Cir. 2012).................................10

Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) ............................................6

Lopez v. Youngblood, 609 F.Supp.2d 1125, 1142 (E.D.Cal. 2009).........................13

Los Angeles Memorial Coliseum Com. v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980)..........................................................3

Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 28 (1959)..............................7

Lujan v. National Wildlife Federation, 497 U.S. 871, 902 (1990)....................................4

Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984)..............................3

McMillian v. Monroe County, 520 U.S. 781, 823-24 (1997).....................................7

Minnesota v. Carter, 525 U.S. 83, 88 (1998)........................................4

Mollnow v. Carlton, 716 F.2d 627, 631 (9th Cir. 1983).....................................10

Monell v. Dep't of Social Servs., 436 U.S. 658 (1978)....................................5,6,7

Ohlsen v. County of San Joaquin, 2008 U.S. Dist. LEXIS 44566 (E.D. Cal. 2008).....................13

Oliver v. United States, 466 U.S. 170, 179, 80 L. Ed. 2d 214, 104 S. Ct. 1735 (1984)..................5,8

Parratt v. Taylor, 451 U.S. 527 (1981)...............................................6

Pembaur v. City of Cincinnati, 475 U.S. 469 (1986)..........................................6

Portman v. County of Santa Clara, 995 F.2d 898, 909 (9th Cir. 1993).....................................10

Rakas v. Illinois, 439 U.S. 128, 143-44, 421 (1978)........................................4

Samuels v. Meriwether, 94 F.3d 1163, 1168 (8th Cir. 1996).....................................10

SCFC ILC, Inc. v. Visa, USA, Inc., 936 F.2d 1096, 1098 (10th Cir. 1991)..............................3

Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir.1985).....................................11

Scott v. Ross, 140 F.3d 1275, 1284 (9th Cir. 1998).........................................12

United States v. Armenta, 69 F.3d 304, 308-09 (9th Cir. 1995)...................................5

United States v. James Daniel Good Real Prop., 510 U.S. 43 (1993).........................................9

United States v. Long, 301 F.3d 1095, 1100 (9th Cir. 2002)...................................4

United States v. Rohrig, 98 F.3d 1506, 1518 (6th Cir. 1996)...................................8

United States v. Sarkisian, 197 F.3d 966, 987 (9th Cir. 1999)...................................4

iv

**DEFENDANTS COUNTY OF LAKE, FRANCISCO RIVERO, CHRIS MACEDO AND RICHARD COEL'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

{01313323.DOC}

United States v. Zermeno, 66 F.3d 1058, 1061 (9th Cir. 1995)………………………………………4

Whitehorn v. FCC, 235 F.Supp. 2d 1092, 1102 (D. Nev. 2002)…………………………………11

Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 367 (2008)………………….3,14

**State Court Cases**

Austin B. v. Escondido Union Sch. Dist.,149 Cal.App.4th 860, 883 (2007)………………….…..13

Browne v. County of Tehama, 213 Cal.App.4th 704 (2013)……………………………………….7

CEEED v. Cal. Coastal Zone Conservation Comm'n, 43 Cal.App.3d 306, 319 (1974)……………7

City of Simi Valley v. Superior Court, 111 Cal.App.4th 1077, 1085 (2003)………………………14

DeGrassi v. Cook, 29 Cal.4th 333, 338, 342 (2002)………………………………………………13

Eastburn v. Regional Fire Protection Authority, 31 Cal.4th 1175, 1179-80 (2003)………………13

Jones v. Kmart Corp., 17 Cal.4th 329, 334 (1998)……………………………………………….13

**State Statutes**

Cal Const Art XI, § 7………………………………………………………………………..7

Cal. Gov. Code § 52.1……………………………………………………………………13,14

Cal. Gov. Code § 815……………………………………………………………………....12,13

Cal. Gov. Code § 25845…………………………………………………………………………2

Cal. Gov. Code § 38771…………………………………………………………………..……7

Cal Health & Saf. Code § 11362.5………………………………………………………………7

Cal Health & Saf. Code § 11362.7………………………………………………………………7

**Federal Statutes**

F.R.Civ.P 65...........................................................................................................3

42 U.S.C. § 1983…………………………………………………………………………5,6,11

42 U.S.C § 1986………………………………………………………………..………………12

**DEFENDANTS COUNTY OF LAKE, FRANCISCO RIVERO, CHRIS MACEDO AND RICHARD COEL'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

{01313323.DOC}

Defendants COUNTY OF LAKE, FRANCISCO RIVERO, CHRIS MACEDO and RICHARD COEL hereby submit the following in Opposition to Plaintiffs' Motion for Preliminary Injunction

## I.

## INTRODUCTION

In the Amended Complaint, eight individual Plaintiffs seek declaratory and permanent injunctive relief, as well as damages, arising from abatement of personal property (marijuana) pursuant to a Lake County zoning ordinance, Measure N. In essence, Plaintiffs claim the abatement process violated the Fourth and Fourteenth Amendments because no warrant was obtained prior to the abatement.

In seeking preliminary injunctive relief, it appears Plaintiffs seek to enjoin the County from further enforcement of Measure N, as to these Plaintiffs. Defendants submit the relief requested by Plaintiffs goes beyond merely "preserving the status quo" but rather seeks to provide them with substantially all the reliefs they may recover after a full trial on the merits - that the property should not have been, nor further abated under the Measure. As this is exactly the relief Plaintiffs are seeking by way of this suit, Defendants respectfully submits that the heightened burden applies to Plaintiffs' motion for preliminary injunction.

Under either a heightened or normal standard, Plaintiffs have not established a substantial likelihood of prevailing on the merits. To the contrary, Defendants submit the claims are factually deficient, both in standing and substantively, and the same defects exist as when the Court denied Plaintiffs' request for a temporary restraining order. Accordingly, the motion for preliminary injunction should be denied.

## II.

## ALLEGATIONS OF THE COMPLAINT/ASSERTED CLAIMS

### A. Voter-Approved Measure N

The voters of Lake County approved Measure N, codified as Lake County Ordinance No. 2997, on June 3, 2014 by 51.6%, going into effect on July 11, 2014. (See Exhibit 1 of Complaint). Measure N addresses the health and safety concerns generated by the use of properties when growing significant numbers of marijuana plants, thereby creating dust, glare, heat, noise, odor, smoke, traffic, or other

**DEFENDANTS COUNTY OF LAKE, FRANCISCO RIVERO, CHRIS MACEDO AND RICHARD COEL'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

{01313323.DOC}

impacts, or from being hazardous due to the use of public resources or storage of fertilizers, pesticides, or wastes. (see id.).

For example, properties zoned residential, Measure N prohibits cultivation whether indoor or outdoor, on a property that does not have a permitted residence. For properties less than one acre, no outdoor growth is allowed; for properties over one acre, growth is limited to 12 immature or 6 mature plants. Properties zoned agricultural over twenty acres may be used for collective growths. It requires, in the case of rented or leased premises, written approval from the property owner(s). It limits the indoor cultivation of medical marijuana to a use area of 100 square feet and 1,200 watts of lighting for health and safety reasons. (see id.)

Ordinance 2997 gives the Lake County Sheriff's Department authority to enforce its provisions, violation of which may be charged as a misdemeanor crime. Certain prohibited uses have been declared a public nuisance, and in accordance with Government Code Section 25845, may be summarily abated where the growth constitutes an immediate threat to the health, safety or welfare of the public. Otherwise, abatement may be effected if the property owner fails to do rectify the violation upon five days notice. (see id.)

1.      **Plaintiffs' Allegation and Claims**

The eight named individual Plaintiffs, MONA ALLEN, PAUL RAY HARRIS, SHAUN JONES, SCOTT OUTHOUT, ELVIN SIKES, NINA FAYE SIKES, NICOLE VAN SCHIACK and PRESTON WARREN, each allege to be residents of Lake County. (¶s 6-14, Complaint). Each individual Plaintiff alleges they were growing marijuana at "home," and that on August 1, 2014, said marijuana was abated under Measure N, without notice or consent, by "officers" of the Lake County Sheriff's Department and "possibly other agencies." (Id).

Plaintiff CALIFORNIA CHAPTER OF THE NATIONAL ORGANIZATION FOR THE REFORM OF MARIJUANA LAWS ("CA NORML") alleges to be a non-profit corporation that advocates for the rights of adults to use medical marijuana, and has "dozens of members in the County of Lake." (¶ 15, Complaint). No plaintiff, individually or as a member of CA NORML, alleges to have any real property in Lake County, or alleges to be a member of CA NORML.

///

**DEFENDANTS COUNTY OF LAKE, FRANCISCO RIVERO, CHRIS MACEDO AND RICHARD COEL'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

{01313323.DOC}

### III.

### <u>LEGAL STANDARD FOR PRELIMINARY INJUNCTION</u>

Federal Rule of Civil Procedure 65 governs the issuance of preliminary injunctions. The basic function of a preliminary injunction is to preserve the status quo pending a determination of the action on the merits. <u>Los Angeles Memorial Coliseum Com. v. National Football League</u>, 634 F.2d 1197, 1200 (9th Cir. 1980). The "status quo" is described as the last uncontested status preceding the pending controversy. <u>GoTo.com, Inc. v. Walt Disney Co.</u>, 202 F.3d 1199, 1210 (9th Cir. 2000). In order to obtain a preliminary injunction, a plaintiff must traditionally demonstrate: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury; (3) greater hardship to the plaintiff than to the defendants; and (4) that the public interest favors granting the injunction. <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 20, (2008). The Ninth Circuit has adopted a sliding scale approach to preliminary injunctions in which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131 (9th Cir. 2011).

A heightened burden applies, however, to preliminary injunctions that seek to disturb the status quo or provide the movant substantially all the relief he may recover after a full trial on the merits. <u>SCFC ILC, Inc. v. Visa, USA, Inc.</u>, 936 F.2d 1096, 1098 (10th Cir. 1991). In such situations, the movant has the even heavier burden of showing that the four factors "weigh heavily and compellingly in [his/her] favor." Id. at 1098. See also <u>Dahl v. HEM Pharmaceuticals Corp.</u>, 7 F.3d 1399, 1403 (9th Cir. 1993) (mandatory preliminary relief is subject to heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party) and <u>Martin v. International Olympic Comm.</u>, 740 F.2d 670, 675 (9th Cir. 1984) (in cases where a party seeks relief that goes well beyond maintaining the status quo, "courts should be extremely cautious about issuing a preliminary injunction.")

///

///

///

///

**DEFENDANTS COUNTY OF LAKE, FRANCISCO RIVERO, CHRIS MACEDO AND RICHARD COEL'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

{01313323.DOC}

**ARGUMENT**

**A.** **Plaintiffs Have Made no Showing of a Strong Likelihood of Success on Their Claim for Injunctive Relief**

Here, Plaintiffs appear to recognize they seek the same relief after judgment on the merits. (Amended Supplemental Memorandum, Docket No. 44, p. 10: 6-13), but nonetheless have made no effort to recognize or argue that each of the factors for gaining preliminary injunctive relief were establish by "heavy and compelling" evidence. For this reason alone, the motion must be denied.

Regardless, contemporaneously filed herewith, Defendants have filed a motion to dismiss on the grounds that Plaintiffs not only fail to sufficiently allege standing, they also fail to allege sufficient facts to state claims. Accordingly, Plaintiffs have not, and cannot at this juncture, establish a strong likelihood of success, based on the following deficiencies:

**1.** **Plaintiffs Have not Alleged Sufficient Standing to State Claims for Violation of the Fourth or Fourteenth Amendment Pursuant to 42 U.S.C. Section 1983**

The party seeking to invoke the jurisdiction of the federal courts must present an actual case or controversy under Article III of the Constitution. Friends of the Earth, Inc. v. Laidlaw Environmental Services, 528 U.S. 167 (2000). A plaintiff seeking to invoke federal court jurisdiction must demonstrate an injury that is concrete, particularized, actual and imminent rather than conjectural or hypothetical. Lujan v. National Wildlife Federation, 497 U.S. 871, 902 (1990).

**i. Plaintiffs do not Allege Sufficient Standing Under the Fourth Amendment**

In order to claim the protection of the Fourth Amendment, there must be an objectively reasonable expectation of privacy in the place searched. Minnesota v. Carter, 525 U.S. 83, 88 (1998) citing Rakas v. Illinois, 439 U.S. 128, 143-44, 421 (1978). A bare assertion that a person was in residence is insufficient to show such an objectively reasonable expectation. See United States v. Long, 301 F.3d 1095, 1100 (9th Cir. 2002) (no factual showing); United States v. Sarkisian, 197 F.3d 966, 987 (9th Cir. 1999) (holding that defendants who merely possess the authority to access a storage room but do not use it, without more, lack Fourth Amendment standing to challenge an unlawful search of that area); United States v. Zermeno, 66 F.3d 1058, 1061 (9th Cir. 1995) (holding

**DEFENDANTS COUNTY OF LAKE, FRANCISCO RIVERO, CHRIS MACEDO AND RICHARD COEL'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

{01313323.DOC}

that merely storing contraband at the property searched is insufficient to establish that defendant had a legitimate expectation of privacy); United States v. Armenta, 69 F.3d 304, 308-09 (9th Cir. 1995) (holding that defendant's personal items and sworn declaration, and police officer's testimony that the defendant had stayed in a house the night before are insufficient to establish defendant's expectation of privacy). Moreover, "an individual may not legitimately demand privacy for activities out of doors in fields." See also Oliver v. United States, 466 U.S. 170 (1984).

Here, all Plaintiffs merely allege they are residents of the County. This singular allegation is wholly insufficient to allege each Plaintiff had a reasonable expectation of privacy in the place entered, or property seized under the abatement ordinance. Indeed, no plaintiff alleges ownership or other property right subject to zoning under Measure N. As such, no plaintiff alleges sufficient facts for standing under the Fourth Amendment

**ii**. **Plaintiffs do not Allege Sufficient Standing Under the Fourteenth Amendment**

A personal stake in the outcome is central to the question of standing. Baker v. Carr, 369 U.S. 186, 204 (1962) ("a personal stake in the outcome -- is the gist of the question of standing"). Here, the zoning ordinance regulates real properties in Lake County– yet no Plaintiff alleges any ownership or possessory rights in any real property in Lake County to which Measure N applies. Likewise, Plaintiff California Chapter of NORML does not allege any member has any rights in any real property to which the zoning ordinance applies. In other words, Plaintiffs must establish a property right prior to which some process might attach. Absent that, the Court cannot begin any analysis. Accordingly, Plaintiffs do not allege sufficient standing for purposes of the Fourteenth Amendment.

**2.** **Plaintiffs Fail to Allege Sufficient Facts of the Individual Defendants' Respective Involvement**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege an actual connection between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978). "A person `subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations

concerning the involvement of official personnel in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988).

Here, there are no specific allegations against any individual Defendant – how they acted or failed to act regarding any particular constitutional deprivation. Indeed, other than identifying the individual Defendants, Plaintiffs do not allege any facts that FRANCISCO RIVERO, CHRIS MACEDO or RICHARD COEL actually entered any property nor abated property, or had any role whatsoever in said abatement. Accordingly, Plaintiffs have not alleged "enough facts to state a claim for relief that is plausible on its face," <u>Twombly</u>, 550 U.S. at 570, to sustain any cause of action against the individual defendants.

### 3. Plaintiffs' Claim for Violation of Due Process is Barred

Where a depravation of property arises in the context of "random, unauthorized constitutional torts," the Supreme Court's decision in <u>Parratt v. Taylor</u>, 451 U.S. 527 (1981) controls. Pursuant to <u>Parratt</u>, a plaintiff may not pursue a Constitutional Due Process violation so long as the state provides an adequate remedial post-depravation process. <u>Parratt</u>, 451 U.S. at 543. The Ninth Circuit has unequivocally held that California's tort system provides such a constitutionally adequate remedial post-depravation process. <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-817 (9th Cir. 1994). Accordingly, <u>Parratt</u> controls, and Plaintiffs' claims for damages under the Federal Civil Rights Act for violation of the Due Process clause under the Fourteenth Amendment is barred because Plaintiffs must look to a state based tort remedy for any purported due process violation arising out of the alleged unlawful abatement of their personal property. Therefore, motion for preliminary injunction should be denied.

### 4. Plaintiffs Fail to Allege Sufficient Facts of a <u>Monell</u>-type Claim

Municipal liability under § 1983 can only be established where the plaintiff shows that (1) he was deprived of his constitutional rights; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658 (1978); <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469 (1986); <u>City of Canton v. Harris</u>, 489 U.S. 378, 389-91 (1989). Where the

policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary to establish both fault on the part of a municipality and the causal connection between the "policy" and the constitutional deprivation.  McMillian v. Monroe County, 520 U.S. 781, 823-24 (1997).  Plaintiffs must prove that decisions about policy were made with a deliberate indifference to the rights of persons with whom the governmental employees would have contact.  See Collins v. City of Harker Heights, 503 U.S. 115 (1992).

Here, as argued more fully above, to the extent Plaintiffs fail to sufficiently allege facts of an underlying constitutional Fourth or Fourteenth Amendment violation, the Monell claim also fails.  Regardless, matters of land use planning are primarily of local concern, Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 28 (1959).  The "routine application of zoning regulations . . . is distinctly a feature of local government," Hill v. City of El Paso, 437 F.2d 352, 357 (5th Cir. 1971), for which courts are hesitant to intervene.  Fields v. Rockdale County, 785 F.2d 1558, 1561(11th Cir. 1986).

Here, the County has a statutory power to declare activities or conduct to be nuisances per se.  Cal. Gov't Code § 38771; see also CEEED v. Cal. Coastal Zone Conservation Comm'n, 43 Cal.App.3d 306, 319 (1974).  Indeed, the California court recently found that a County ordinance regulating marijuana cultivation and declaring noncompliance a nuisance was not preempted under Cal Const Art XI, § 7, because neither the Compassionate Use Act, H & S C § 11362.5, nor the Medical Marijuana Program, H & S C § 11362.7 et seq., has created a right to unregulated cultivation of medical marijuana.  Browne v. County of Tehama, 213 Cal.App.4th 704 (2013).

Under the Lake County ordinance, for properties less than one acre, no outdoor growth is allowed; for properties over one acre, growth is limited to 12 immature or 6 mature plants.  Properties zoned agricultural over twenty acres may be used for collective growths.  Violation of these sections is declared a nuisance.  Putting standing aside for the moment, many plaintiffs appear to admit they were not in compliance with Measure N, and thus said uses of properties were nuisances.  For example, it appears five of the named Plaintiffs admit to growing marijuana on less than an acre, which is a nuisance per se under Measure N.

///

**DEFENDANTS COUNTY OF LAKE, FRANCISCO RIVERO, CHRIS MACEDO AND RICHARD COEL'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

{01313323.DOC}

Whether Plaintiffs had a reasonable expectation of privacy in the property entered for abatement purposes requires an individualized analysis of the property and the circumstances at the entry. As one court recently noted:

> In Justice Harlan's oft-quoted formulation, an individual can invoke the Fourth Amendment's protections only by satisfying a "twofold requirement, first that a person have exhibited an actual (subjective) expectation of privacy and, second, that the expectation be one that society is prepared to recognize as 'reasonable.'" Katz, 389 U.S. at 361, 88 S. Ct. at 516 (Harlan, J., concurring). Although Justice Harlan noted that "a man's home is, for most purposes, a place where he expects privacy," 389 U.S. at 361, 88 S. Ct. at 516 (Harlan, J., concurring), the Katz Court nevertheless recognized that "what a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." 389 U.S. at 351, 88 S. Ct. at 511.

United States v. Rohrig, 98 F.3d 1506, 1518(6th Cir. 1996) (finding warrantless entry to abate noise reasonable under exigent circumstances as a "danger" to society) This cannot be done based on the declarations provided. Contrary to Plaintiffs' assertion, the "open fields" doctrine recognizes that "[o]pen fields do not provide the setting for those intimate activities that the Amendment is intended to shelter from government interference or surveillance." Oliver v. United States, 466 U.S. 170, 179, 80 L. Ed. 2d 214, 104 S. Ct. 1735 (1984). Therefore, any "asserted expectation of privacy in open fields is not an expectation that society recognizes as reasonable." Id.

Moreover, while Plaintiffs dismiss exigency, Plaintiffs ignore the exigency that is created by the dangers cited by the County that warranted the pronouncement of public nuisances by virtue of the violations. In that regard, there are numerous various considerations that are at play, including the health and safety risks to polluting the waterways, depleting the water sources, over usage of utilities, and so on.

Specifically, the Governor of the State of California has declared a state of emergency regarding water. (See http://gov.ca.gov/news.php?id=18368, last visited 9/24/14; Request for Judicial Notice, Exhibit A). Reservoir conditions for major lakes are at historical lows. (Request for Judicial Notice, Exhibit B). For some areas in Lake County traditionally supplied with water from the Indian Valley Reservoir, the Yolo County Flood Control and Water Conservation District noted the intake pump for the water treatment plant is above the water line, thus eliminating the ability to produce potable water for drinking and sanitation, which drove them to close the reservoir to the public earlier

this year.[1]  (Request for Judicial Notice, Exhibit C, showing storage at just under 17K acre feet as of 9/24/14).  It is common knowledge that last December, the Governor formed a Drought Task Force to closely manage water supplies, to expand water conservation and to respond to emerging drought impacts throughout the state.

In addition, many of the water districts in Lake County are under a state of emergency.  For example, the County has adopted several Urgency Ordinances adopting Emergency Water Conservation Restrictions throughout the County.  (Request for Judicial Notice, Exhibit D).  Marijuana is considered to use a lot of water[2], yet residential properties are being used in agricultural fashions.  In other words, the dangers, and thus exigency, presented by the widespread use of utilities, diverting water sources, or over use, together with what growers place into the water systems, such as pesticides and other run off, in these drought conditions, presents considerations of exigency under these circumstances.  Other dangers posed include increased crime.[3]  Cumulative impacts to water resources and supply create an immediate danger to residents, not to mention a nuisance odor is very significant in these communities.

While Plaintiffs allege lack of warrants for the abatements at issue, in the context of abatement of nuisances, the Fourth Amendment generally "requires no more of government officials than that of due process of law. Both constitutional provisions recognize an exigency exception, and, thus, lead to no practical distinction in" the abatement of a public nuisance context. <u>Flatford v. City of Monroe</u>, 17 F.3d 162, 170 (6th Cir. 1994) (citing <u>United States v. James Daniel Good Real Prop.</u>, 510 U.S. 43 (1993)).

///

///

---

[1]  http://www.record-bee.com/news/ci_24980948/environmental-update-indian-valley-reservoir-closed-public, last visited 9/24/14.  See also http://blogs.kqed.org/lowdown/2014/03/18/into-the-drought-californias-shrinking-reservoirs/, last visited 9/24/14, showing Indian reservoir under 10% of capacity.

[2]  "…up to six gallons of water per day, putting tremendous strain on water resources…" http://news.heartland.org/newspaper-article/2014/04/14/marijuana-cultivation-straining-california-water-supplies,last visited 9/24/14

[3]  http://www.huffingtonpost.com/2013/10/06/northern-california-marijuana_n_4053441.html, last visited 9/24/14

**DEFENDANTS COUNTY OF LAKE, FRANCISCO RIVERO, CHRIS MACEDO AND RICHARD COEL'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

{01313323.DOC}

In other words, the outcome of the Fourth Amendment inquiry is tethered to whether the property deprivation offended due process. Kinnison v. City of San Antonio, 480 Fed.Appx. 271 (5th Cir. 2012) citing Samuels v. Meriwether, 94 F.3d 1163, 1168 (8th Cir. 1996) ("[A]n abatement carried out in accordance with procedural due process is reasonable in the absence of any factors that outweigh governmental interests."). In that regard, due process, "does not require that a property owner receive actual notice before the government may take his property." Jones v. Flowers, 547 U.S. 220, 226 (2006). Ultimately, what process was due, if any, on the abatement of the offending uses of said property will depend on the individual real property at issue, what zoning restrictions it was under, the offending conditions, and whether exigency existed for the facts and circumstances particular to that property's abatement. This is because the Ordinance has declared violations of certain sections a nuisance, and thus a danger to the health and safety of the public. An individualized analysis of consent is also required. Moreover, because Plaintiffs fail to provide evidence of what property rights, if any, Plaintiffs have, the size of the property, these threshold facts are necessary to determine what process would be due, if at all. However, as noted above, Plaintiffs have not exhausted their state due process remedies in tort, and thus any federal action is barred. For all these reasons, Plaintiffs have not established a reasonable likelihood of succeeding on the merits.

### 5. The Complaint Fails to State a Claim Under 42 U.S.C. § 1985

Defendant submits Plaintiffs' First, Second and Third Claims for violation of 42 U.S.C. 1985 fail. Section 1985 contains three sections. The first section "deals with conspiracies to impede federal officials in the performance of their official duties." Jones v. Tozzi, 2006 U.S. Dist. LEXIS 63278 (E.D. Cal. 2006)(analyzing first section of Section 1985); Canlis v. San Joaquin Sheriff's Posse Comitatus, 641 F.2d 711, 717 (9th Cir. 1981) ("The clear import of this language is that the statute's protections extend exclusively to the benefit of federal officers."); Mollnow v. Carlton, 716 F.2d 627, 631 (9th Cir. 1983)(following Canlis). Here, Plaintiffs are not federal officers and therefore cannot bring a claim under the first section.

Section 1985(2) contains two sub clauses. The first clause "concerns access to federal courts." Portman v. County of Santa Clara, 995 F.2d 898, 909 (9th Cir. 1993). The second clause "concerns

access to state or territorial courts." <u>Id</u>.  Here, Plaintiffs do not allege they testified in court, therefore Section 1985(2) affords them no basis for suit.

Section 1985(3) also contains two subparts.  <u>Whitehorn v. FCC</u>, 235 F.Supp. 2d 1092, 1102 (D. Nev. 2002).  The first type of conspiracy Section 1985(3) prohibits is class-based.  A plaintiff must allege the conspiracy is "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus." <u>Id</u>.; <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971).  The Ninth Circuit requires "either that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection." <u>Schultz v. Sundberg</u>, 759 F.2d 714, 718 (9th Cir.1985). Conspiracies motivated by economic or commercial animus are not cognizable under § 1985(3).  Id. The second conspiracy Section 1985(3) applies to pertains to federal elections. See 42 U.S.C. § 1985(3).

Here, Plaintiffs do not allege they are part of a protected class, nor any race-based discrimination.  They also do not allege any involvement in federal elections.  Accordingly, they cannot state a claim under Section 1985(3) or any of the other subsections.

**6.      Plaintiffs Fail to State a Claim for Conspiracy Under Sections 1983 and 1985**

To allege a § 1983 conspiracy claim, a plaintiff must allege "which defendants conspired, how they conspired, and how the conspiracy led to a deprivation of [the plaintiff's] constitutional rights." <u>Harris v. Roderick</u>, 126 F.3d 1189, 1196 (9th Cir. 1997).  The Ninth Circuit applies a heightened pleading standard to conspiracy claims under section 1983 and has held that mere conclusory allegations of conspiracy (i.e., bare allegations that a defendant "conspired" with another) are insufficient to state a claim. See <u>Harris</u>, 126 F.3d at 1195; <u>Buckey v. County of Los Angeles</u>, 968 F.2d 791, 794 (9th Cir. 1992).  As currently pleaded, however, Plaintiffs' conspiracy claims amount to no more than "vague and conclusory allegations of official participation in civil rights violations," and therefore fail to state a claim.  See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982); <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980) (conclusory allegations of conspiracy insufficient to support a claim under section 1983 or section 1985).

///

**DEFENDANTS COUNTY OF LAKE, FRANCISCO RIVERO, CHRIS MACEDO AND RICHARD COEL'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

In addition to the race-based animus above, the elements of a section 1985 conspiracy claim are (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. Scott v. Ross, 140 F.3d 1275, 1284 (9th Cir. 1998). Ninth Circuit case law is clear that in order to assert a claim for violation of section 1985, a complaint must allege facts, not legal conclusions, showing the formation of a conspiracy. "A mere allegation of conspiracy without factual specificity is insufficient." Karim-Panahi v. Los Angeles Police Department, 839 F.2d 631, 626 (9th Cir. 1988). Plaintiffs' sweeping statements that a conspiracy under §1985 exists are insufficient to state a cognizable claim. See id.

Here, the Complaint fails to allege specifically how Defendants conspired and critically fails to allege how the purported conspiracy led to an actual deprivation of Plaintiffs' constitutional rights – particularly since there are no allegations as to how the individuals conducted themselves in any manner.

### 7. Plaintiffs Fail to State a Claim Under 42 U.S.C. Section 1986

In their Sixth Claim for relief, Plaintiffs assert a claim pursuant to 42 U.S.C Section 1986, which "imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) (citation omitted). In other words, a claim under section § 1986 is derivative of § 1985 and provides remedy for persons injured by neglect or refusal of those having power to do so to prevent wrongs specified in § 1985. As a result, Plaintiffs' failure to state a claim under Section 1985 is fatal to their claim under Section 1986 because a necessary element of any Section 1986 claim is a proper claim under Section 1985. (Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985). Braley v. City of Pontiac, 906 F.2d 220, 227 (6th Cir. 1990). In addition, because Plaintiffs fail to allege any facts under Section 1986, the claim fails.

### 8. The Common Law Claims Against the County Fail as a Matter of Law by Virtue of Government Code Section 815

By virtue of California Government Code Section 815, public entities are immune from liability for common law torts. See Cal. Gov. Code § 815. Government Code Section 815 provides that "[e]xcept as otherwise provided by statute: a public entity is not liable for an injury, whether such

**DEFENDANTS COUNTY OF LAKE, FRANCISCO RIVERO, CHRIS MACEDO AND RICHARD COEL'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

{01313323.DOC}

injury arises out of an act or omission of the public entity or a public employee or any other person." Eastburn v. Regional Fire Protection Authority, 31 Cal.4th 1175, 1179-80 (2003); Becerra v. County of Santa Cruz, 68 Cal.App.4th 1450, 1457 (1998) (a plaintiff asserting a cause of action against a public entity must present a statutory basis for imposition of liability). Here, the California Constitution does not expressly state Plaintiffs may sue a local agency. Accordingly, the immunity under Government Code Section 815 applies.

**9.   Plaintiffs' Claim for Violation of the California Constitution Fails as a Matter of Law**

It is now established that the California courts do not recognize claims for damages for violation of Article I, section 7 of the California Constitution. See Katzberg v. Regents of University of California, 29 Cal.4th 300, 307 (2002); see also DeGrassi v. Cook, 29 Cal.4th 333, 338, 342 (2002). District courts have honored that finding, dismissing said claims because damages pursuant to Article I, Section 7 are not viable because that provision does not provide a cause of action for monetary damages. Ohlsen v. County of San Joaquin, 2008 U.S. Dist. LEXIS 44566 (E.D. Cal. 2008); see also Lopez v. Youngblood, 609 F.Supp.2d 1125, 1142 (E.D.Cal. 2009). Therefore, the Fourth and Fifth Claims for relief for violation of the California Constitution fail as a matter of law.

**10.   Plaintiffs Fails to State a Claim Pursuant to California Civil Code Section 52.1**

In order to state a claim for relief pursuant to California Civil Code Section 52.1, a plaintiff must allege that a defendant interfered or attempted to interfere by threats, intimidation or coercion with "exercise or enjoyment" or rights secured by the U.S. and California Constitutions. "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." Austin B. v. Escondido Union Sch. Dist., 149 Cal.App.4th 860, 883 (2007); see Jones v. Kmart Corp., 17 Cal.4th 329, 334 (1998) (§ 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion"). Whether a constitutional violation occurred and whether that violation was accompanied by any threats, intimidation or coercion are separate analytical inquiries. See Jones v. Kmart Corp., 17 Cal.4th 329, 338 (1998).

Plaintiffs fail to allege any elements of this claim. On that basis, the claims fail as a matter of law. In addition, to the extent Plaintiffs rely on the California Constitution to assert a claim under 52.1, this is improper. In that regard, merely asserting a claim pursuant to Civil Code Section 52.1 does not entitle a plaintiff to seek an award of damages when the underlying rights cited do not provide common-law or statutory causes of action for damages. See, e.g., City of Simi Valley v. Superior Court, 111 Cal.App.4th 1077, 1085 (2003) (demurrer mandated to be sustained as to Section 52.1 cause of action because plaintiff failed to allege that purported state constitution violation was "tied" to valid common law or statutory cause of action) (citing Katzberg 29 Cal.4th at 303–304 fn. 1). Thus, as argued above, as Article I, section 7 of the California Constitution does not provide an action for damages, Plaintiffs may not seek damages by way of Civil Code section 52.1 for violation of said sections. Accordingly, Plaintiffs have not established a strong likelihood of prevailing.

**B.    Plaintiffs Have Failed to Show a Strong Possibility of Irreparable Injury**

Assuming arguendo, the Court finds Plaintiffs have made the requisite showing of likelihood of success on the merits by heavy and compelling evidence, Defendants submit Plaintiffs have not established a strong possibility of irreparable injury. In order to demonstrate irreparable injury, Plaintiffs must demonstrate potential harm, which cannot be redressed by a legal or equitable remedy following trial. Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3rd Cir. 1992). "The moving party must make a clear showing of immediate irreparable harm." Id. at 91. In that regard, it is not a mere "possibility" of harm, but actual likelihood. See Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 367 (2008) (rejecting lower standard).

Plaintiffs have not made the required showing of likelihood of harm. In that regard, Plaintiffs appear to rely on the declaration of Jason Robinson (Docket No. 37), and the Director of CA NORML, Dale Gieringer (Docket No. 36). Neither declaration sufficiently establishes these Plaintiffs will likely suffer further injury.

Plaintiffs' reliance on Jason Robinson is not warranted. Mr. Robinson he is not a plaintiff nor is there any representations he will be one. Moreover the declaration submitted is not signed. Regardless, as Robinson has admitted to having moved out of Lake County, no further injury can clearly occur. In addition, the declaration of Mr. Gieringer is simply too vague to establish further

injury to these Plaintiffs. In addition, Geiringer appears to provide expert testimony but fails to establish the necessary foundation or qualifications to do so. The mere possibility of re-planting does not necessarily mean further abatement actions will occur, particularly given that the zoning ordinance is specific to property size, location, number of plants, and so on. However, given that Plaintiffs do not even allege property rights subjecting them to Measure N, the deficiencies fall far short of establishing future injury.

As with the TRO, Plaintiffs have provided no evidence that Lake County intends to conduct additional searches or seizures against the named Plaintiffs. While Plaintiffs attempt to point to a Lake County Board meeting, wherein the public and officials made comments, such evidence is not properly before the court. Regardless, none of the purported statements attributed to County officials establish "returning to the same areas" with the objective of targeting areas that have been previously abated. As before, assuming Plaintiffs' allegations are true, the identified Plaintiffs have already had the marijuana plants abated, there is nothing to support "the reality of the threat of repeated injury." See Lyons, 461 U.S. at 107 n. 8.

Instead, Plaintiffs appear to argue, as they did in relation to the TRO, that the mere exposure to "officially authorized" abatements policy is sufficient to invoke injunctive relief, (Amended Supplemental Memorandum, Docket No. 44, p.7:226-8:12) citing to Allee v. Medrano, 416 U.S. 802 (1974). Plaintiffs' reliance on Allee is misplaced, as that matter involved an injunction of police intimidation of union picketers, under various versions of statutes, some of which were found unconstitutional. Clearly, Allee is entirely distinguishable. Likewise, Plaintiffs' reliance on Jones v. City of L.A., 44 F.3d 1118, 1136 (9th Cir. 2006), whose opinion was vacated by subsequent proceedings, actually found that the enforcement of a local ordinance violates the Cruel and Unusual Punishment Clause as "against homeless individuals who are sitting, lying, or sleeping in Los Angeles's Skid Row because they cannot obtain shelter…" Such is clearly immaterial to the case at bar, and thus distinguishable.

In the end, Plaintiffs have failed to identify a single person amongst themselves who is under threat of having their marijuana plants summarily abated absent a preliminary injunction. Putting aside the lack of alleged property rights (ownership, leasing, renting, etc), no Plaintiff has even claimed they

**DEFENDANTS COUNTY OF LAKE, FRANCISCO RIVERO, CHRIS MACEDO AND RICHARD COEL'S**
**OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

{01313323.DOC}

have re-planted, or plan in re-planting outdoors. Even if they had, it does not take expert testimony to understand plants do not grow overnight. Plaintiffs have still not answered the questioned posed by the Court whether Ordinance 2997 authorizes the alleged conduct, or rather whether the Defendant officers were acting ultra vires. These deficiencies do not establish that Plaintiffs face a "real possibility" that they will be raided again.

**C.    Plaintiffs Fail to Establish a Greater Hardship to Them Than to the Defendants, nor That the Public Interest Favors Granting the Injunction**

Plaintiffs do not appear to address these last two elements at all. Indeed, a thorough review of the moving papers reflect that Plaintiffs acknowledge these elements (Memorandum in support of Application for TRO and Motion for Preliminary Injunction, p.4:22-5:5), but do not appear to actually argue these elements. Accordingly, Defendants and this Court are left to speculate what hardships Plaintiffs claim, particularly where they have not established particular property rights, that further enforcement is likely to occur, and that the merits of the action are otherwise barred as argued more fully above. Equally important, Plaintiffs have not shown how there is not an adequate remedy at law in damages for the alleged seizure and destruction of marijuana plants which otherwise violated the ordinance. On these additional bases, the motion for preliminary injunction should be denied.

**V.**

**<u>CONCLUSION</u>**

Under either the heightened standard or sliding scale test, Plaintiffs have not shown that a preliminary injunction should issue. Accordingly, the request for preliminary injunction should be denied

Date: September 29, 2014            Respectfully submitted,

PORTER SCOTT
A PROFESSIONAL CORPORATION

By:  _/s/ John R. Whitefleet_____.
           John R. Whitefleet
           Attorneys for Defendant
           COUNTY OF LAKE, FRANCISCO RIVERO,
           CHRIS MACEDO and RICHARD COEL

16

{01313323.DOC}