UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MONA ALLEN, et al.,

    Plaintiffs,

    v.

COUNTY OF LAKE, et al.,

    Defendants.

Case No. 14-cv-03934-TEH

**ORDER RE: HEARING ON PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

The parties shall come prepared to address the following at the October 6, 2014 hearing on Plaintiffs' motion for a preliminary injunction:

QUESTIONS FOR PLAINTIFFS:

1. Do all Plaintiffs primarily reside in Lake County, and were the properties at issue their residential properties?

2. Several of the Plaintiffs were clearly out of compliance with the Ordinance. Why do they not have unclean hands when they ask this Court for equitable relief?

3. The Court notes that one Plaintiff had twenty-five medical marijuana plants on her property. Is this number of plants typical for a single medical marijuana patient?

4. Why does the balance of equities favor Plaintiffs?

5. Why should the Court not apply the "heavy burden" test for the injunction in this case?

6. How should the Court write an injunction that protects Plaintiffs' Fourth Amendment rights while also allowing the County to take action in legitimate emergencies?

//

//

//

7. The Court is concerned that the allegations against the individual defendants do not state a claim for relief.  How should the Court write an injunction that protects Plaintiffs' Fourth Amendment rights if the allegations against these officials are insufficient?

QUESTIONS FOR DEFENDANTS:

1. How long does it take to obtain a warrant for a search and seizure such as those at issue in this case?

2. Why is the water used by, for example, six plants on less than an acre outdoors an emergency, justifying a warrantless search and seizure, but the water used by six plants on just over an acre outdoors, or the water used by as many plants as fit in 100 square feet indoors, perfectly acceptable under the Ordinance?  Why are these standards not arbitrary?

3. Were the abatements at issue conducted according to the Ordinance's summary abatement provision, or were these seizures consensual?

4. What is the justification for engaging in the immediate abatement of the marijuana plants as opposed to waiting only five days to abate them in accordance with the Ordinance's notice process?

5. What other agricultural crops have been abated, summarily or otherwise, in order to save water in Lake County?

6. Besides the current drought, why does the balance of hardships favor Defendants?

**IT IS SO ORDERED.**

Dated: 10/02/2014              _____
                                              THELTON E. HENDERSON
                                              United States District Judge

2