UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MONA ALLEN, et al.,

    Plaintiffs,

v.

COUNTY OF LAKE, et al.,

    Defendants.

Case No. 14-cv-03934-TEH

**ORDER DENYING PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

Plaintiffs have filed a motion for judicial notice of a video of the Regular Meeting held by the County of Lake Board of Supervisors on August 19, 2014. Plaintiffs additionally seek the Court's permission to file two declarations under seal. The Court has carefully considered the submissions of the parties and finds further argument unnecessary. For the reasons set for below, the Court finds good cause to DENY WITHOUT PREJUDICE Plaintiffs' motion to file under seal and DENY WITH PREJUDICE Plaintiffs' request for judicial notice.

**BACKGROUND**

On September 16, 2014, upon the request of Plaintiffs, the Court set an expedited briefing schedule for Plaintiffs' motion for preliminary injunction. (Docket No. 33). This schedule required Plaintiffs to submit supplemental briefing on the matter by September 17, 2014. Plaintiffs were further ordered to provide proof of the Complaint's service to all Defendants by September 19, 2014. Defendants were ordered to submit their opposition to Plaintiffs' motion for preliminary injunction by September 29, 2014. Plaintiffs appropriately filed their supplemental brief and declarations, as well as complete proof of service to all Defendants, by the Court's deadlines. (Docket No. 34-43, 45). Defendants[1]

---

[1] The term "Defendants" in this Order does not refer to Loren Freeman, who has yet to appear in this matter.

1  similarly met their filing deadline, submitting their opposition to the motion for
2  preliminary injunction on September 29, 2014.  (Docket No. 47).
3        On September 30, 2014, Plaintiffs filed the two motions now before this Court.  In
4  the first motion, Plaintiffs requested judicial notice of a DVD containing a video of the
5  County of Lake Board of Supervisors' Regular Meeting on August 19, 2014.  (Docket No.
6  49).  In the second motion, Plaintiffs sought permission to file under seal two John Doe
7  declarations, both in support of Plaintiffs' motion for a preliminary injunction.  (Docket
8  No. 50).  Plaintiffs accordingly provided unredacted versions of the declarations to the
9  Court.  On October 2, 2014, Defendants filed their opposition to both of Plaintiffs'
10 motions.  (Docket No. 51).

**LEGAL STANDARD**

      Federal Rule of Evidence 201 provides the standard for judicial notice of adjudicative facts.  According to this Rule, a court may judicially notice "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The scope of noticeable facts includes "court filings and other matters of public record."  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  "Moreover, a court may take judicial notice of records and reports of administrative bodies."  *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (internal quotation marks omitted).  Judicial notice may be taken at any stage of the proceeding.  Fed. R. Evid. 201(d).

      District courts "have the inherent power to control their dockets . . . ."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  Because this power includes the authority to dismiss entire cases where litigants fail to comply with a court's order, it logically includes the authority to strike documents filed in violation of the Court's expressed deadlines and/or local rules.  *See id.* (affirming dismissal for failure to obey the court's order).

**DISCUSSION**

**1. The Administrative Motion to File Under Seal is Improperly Before the Court.**

In their opposition, Defendants contend that Plaintiffs' motion to file under seal two John Doe declarations in support of the motion for preliminary injunction should have been filed before the September 17, 2014 briefing deadline ordered by the Court. Opp'n at 2. On this point, the Court agrees. The submission of this request is in violation of the Court's express order for Plaintiffs to fully brief this matter by September 17, 2014. This noncompliance is especially egregious where the Plaintiffs were the ones that requested an expedited briefing schedule, and in fact initially indicated a preference to set their own deadline a day earlier than ordered by the Court. The Court will not now, more than thirteen days later at the time of filing, consider additional documentation in support of Plaintiffs' argument. On this ground alone, the motion to file under seal is denied.

Defendants also argue that the motion should be denied because it is out of compliance with Civil Local Rule 79-5, which requires the moving party to provide a copy of the document it seeks to file under seal. Opp'n at 3. To be clear, the Local Rules require the moving party to provide a copy of the document to the Court, not to opposing counsel. However, the Court reminds Plaintiffs that documents may be filed under seal before obtaining a specific court order, under Civil Local Rule 79-5(c). Doing so will provide notice to both opposing counsel and the Court that the documents have been provided, while the Court decides whether to consider the filings under Rule 79-5(f).

Should Plaintiffs seek to file these declarations under seal in the future, in a matter unrelated to the motion for preliminary injunction or after receiving leave to do so, the Court encourages Plaintiffs to carefully follow the requirements of Rule 79-5. Specifically, where a party requests a redacted filing, as Plaintiffs have done in the alternative here, they should provide the Court with a redacted version of the document as required by Rule 79-5(d)(1)(C). It is not enough to simply list the portions sought to be redacted in the motion, as Plaintiffs have done in this case. *See* Mot. at 2 (listing proposed redactions). Further, Plaintiffs should be mindful of the merits of their request to seal the

3

1  entirety of the declarations where they have shown the ability to cure the danger posed to
2  the declarants by redacting select portions thereof.
3      Because Plaintiffs' motion to file these declarations under seal is in support of their
4  motion for preliminary injunction, and the deadline to fully brief the issue of preliminary
5  injunction has already passed, the Court exercises the authority to control its docket by
6  denying Plaintiffs' motion without prejudice.  Accordingly, the declarations will not be
7  filed with the Court at this time.

**2. The Request for Judicial Notice is Improperly Before the Court and Inappropriate under Federal Rule of Evidence 201.**

    As with the declarations that Plaintiffs seek to file under seal, the video recording of a meeting held by Lake County's Board of Supervisors is also supporting documentation of Plaintiffs' motion for preliminary injunction, which should have been filed two weeks earlier.  For this reason alone, the Court acts within its discretion to deny Plaintiffs' request for judicial notice.  However, the Court also denies Plaintiffs' request on the merits.

    Federal Rule of Evidence 201 provides for the judicial notice of *facts* that are "not subject to reasonable dispute" because they are "generally known within the trial court's territorial jurisdiction; or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The video Plaintiffs seek to have judicially noticed does not constitute a fact that meets this description.  First, the video itself is not a "fact," unless Plaintiffs are only asking the Court to notice the existence of this video or the occasion of this meeting.  Additionally, while Plaintiffs cite to specific time stamps in their supplemental brief, they now ask the Court to judicially notice the entire video.  Problematically, the video presents a lengthy public meeting that covers a multitude of topics involving a large number of different speakers.  Some of the topics discussed are irrelevant to these proceedings.  More importantly, while some of these speakers are party to this case, the majority of the speakers are not.  Consequently, while some of the statements made in the video might be admissible nonhearsay because

4

they are admissions, much of the video's content is objectionable on a number of evidentiary grounds. As a result, the content of this meeting does not qualify as a fact "not subject to reasonable dispute" as required by Rule 201(b). Moreover, the meeting does not qualify as the record or report of an administrative body, as the Board of Supervisors is a legislative and executive body, and this video recording does not constitute a record or report. Accordingly, the Court declines to judicially notice the entire August 19, 2014 meeting of the County of Lake Board of Supervisors.

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES WITHOUT PREJUDICE Plaintiffs' motion to file two declarations under seal, and DENIES WITH PREJUDICE Plaintiffs' request for judicial notice of a video recording of the August 19, 2014 meeting of the County of Lake Board of Supervisors.

**IT IS SO ORDERED.**

Dated:   10/06/14    _____
THELTON E. HENDERSON
United States District Judge