UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONA ALLEN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF LAKE, et al.,<br><br>    Defendants. | Case No. 14-cv-03934-TEH<br><br>**ORDER GRANTING PLAINTIFFS' AMENDED MOTION FOR LEAVE TO AMEND COMPLAINT AND TERMINATING DEFENDANTS' MOTIONS TO DISMISS AS MOOT** |

Now before the Court is Plaintiffs' Motion for leave to file a second amended complaint. The County Defendants filed a brief Opposition on November 7, while Defendant Freeman did not file an Opposition. Plaintiffs filed a Reply on November 14. The Court has considered the arguments of the parties in the papers submitted, and concludes that this matter is suitable for disposition without oral argument, pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, Plaintiffs' Motion is GRANTED and Defendants' Motions to Dismiss are TERMINATED.

**BACKGROUND**

Plaintiffs filed this action on August 29, 2014; two days later, they filed their First Amended Complaint as of right. (Docket Nos. 1, 4). The County Defendants filed a motion to dismiss in September, and Defendant Freeman filed a similar motion in early October. (Docket Nos. 46, 56). On October 14, the Court stayed proceedings in those motions after Plaintiffs indicated they would file a motion for leave to amend. (Docket No. 60). The same day, the Court granted Plaintiffs' motion for a preliminary injunction against the County of Lake, finding that Plaintiffs had generally shown a likelihood of success on the merits, but that the allegations against the individually named Defendants were inadequate. (Docket No. 59). Plaintiffs filed a motion for leave to amend on October

20; four days later, they filed the amended motion and proposed complaint now under consideration. (Docket Nos. 61, 63).

**LEGAL STANDARD**

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citations omitted). There are five factors a court should consider in granting leave to amend: prejudice, futility, undue delay, repeated failure to correct deficiencies, and bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

**DISCUSSION**

Plaintiffs' Proposed Second Amended Complaint ("PSAC") makes five significant changes: it removes all of the Doe Plaintiffs; it adds one named Plaintiff; it adds five named Defendants; it alleges additional facts regarding the conduct of the individually named Defendants; and it adds multiple tort law claims.[1] In opposition, the County Defendants only argue that amendment would be futile; they take no position on prejudice or the other *Foman* factors in their one-page Opposition. Defendant Freeman has not taken a position on any of the factors, as he has not filed an Opposition. The Court disagrees with the County Defendants and concludes that amendment would not be futile.

Instead of making new arguments against the PSAC, the County Defendants incorporate their Motion to Dismiss into their Opposition, arguing that the PSAC does not cure the deficiencies they previously alleged. Those alleged deficiencies are that Plaintiffs

---

[1] Plaintiffs' proposed SAC contains two "Seventh Cause[s] of Action," although one is merely a slightly different statement of the other. PSAC at 21-22 (Docket No. 63-1). In the interest of clarity, the Court encourages Plaintiffs to properly state and enumerate their claims.

2

have not plausibly alleged standing, nor a violation of their constitutional rights, and that the claims fail as a matter of law. Opp'n at 2 (Docket No. 65).

The Court finds the County Defendants' arguments unpersuasive, for three reasons. First, in their one-page Opposition, the County Defendants do not show how the PSAC is insufficient. They merely incorporate their prior Motion to Dismiss. That motion, however, related to the First Amended Complaint, with somewhat different factual allegations and claims. It is not enough to simply state that the same arguments still apply, without confronting the changes Plaintiffs have proposed.

Second, the County Defendants ignore the Court's Order of October 14, 2014. In that Order, in finding that Plaintiffs were likely to succeed on the merits, the Court rejected many of the same arguments that the County Defendants now raise by incorporation. For instance, the Court found that Plaintiffs adequately alleged both privacy and property interests, and therefore likely had standing to bring their claims. October 14, 2014 Order at 11 (Docket No. 59). The Court found that, not only had Plaintiffs adequately alleged violations of their Fourth Amendment rights, but they were also likely to succeed on that claim. *Id.* at 4-5. While Defendants may raise these issues in a new motion to dismiss if they find it worthwhile, they provide nothing in their Opposition that the Court has not already considered, and rejected, in its prior Order.

Finally, the presumption of granting leave to amend weighs heavily in Plaintiffs' favor here. Defendants simply have not made the "strong showing" of futility that is required to overcome that presumption.

However, a finding that amendment is not futile is not the same as finding that a complaint should not be dismissed for failure to state a claim. The Court stayed proceedings on the prior motions to dismiss before receiving Plaintiffs' Opposition (*see* Docket No. 60); it therefore has not yet received Plaintiffs' arguments in response to those motions, apart from what is included in this Motion for Leave to Amend. And, as noted, the County Defendants chose not to confront Plaintiffs' new arguments, but only incorporated their prior motion to dismiss, while Defendant Freeman filed no opposition at

3

all. While the Court finds that amendment now would not be futile and that the prior motions to dismiss are moot, it reserves judgment on whether any claims should be dismissed until that question has been adequately briefed by all parties. Should Defendants decide to file renewed motions to dismiss, they are instructed to refer to Plaintiffs' Second Amended Complaint.

**CONCLUSION**

For the reasons stated above, Plaintiffs' Amended Motion for Leave to file a Second Amended Complaint is GRANTED. Both of Defendants' prior Motions to Dismiss are TERMINATED as moot. Accordingly, the hearing set for December 1, 2014, is VACATED.

**IT IS SO ORDERED.**

Dated: 11/17/2014      _____
                       THELTON E. HENDERSON
                       United States District Judge