JOSEPH D. ELFORD (SBN 189934)
Law Offices of Joseph D. Elford
600 Fell Street #101
San Francisco, CA 94102
Telephone: (415) 573-7842
Email: joeelford@yahoo.com

Counsel for Plaintiffs


IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| MONA ALLEN; CARL RAY HARRIS; JONATHAN HOLT; SHAUN JONES; SCOTT OUTHOUT; ELVIN SIKES; NINA FAYE SIKES; NICOLE VAN SCHAICK; PRESTON WARREN; HAL MUSKAT, and CALIFORNIA CHAPTER OF THE NATIONAL ORGANIZATION FOR THE REFORM OF MARIJUANA LAWS,<br><br>        Plaintiffs,<br><br>v.<br><br>COUNTY OF LAKE, a municipal corporation; FRANCISCO RIVERO, in his individual and official capacities; CHRIS MACEDO, in his individual and official capacities; LOREN FREEMAN, in his individual and official capacities; RICHARD COEL, in his individual and official Capacities; DENNIS KIETHLY, in his individual and official capacities; JOE DUTRA, in his individual and official capacities; STEVE HERDT, in his individual and official capacities; MICHAEL LOCKETT, in his individual and official capacities; FRANK WALSH, in his individual and official capacities, and DOES 1-50.<br><br>        Defendants. | Civil Action No. 3:14-cv-03934<br><br>**THIRD AMENDED VERIFIED COMPLAINT FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER, PERMANENT INJUNCTION AND DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

# I. INTRODUCTION

1.     Through their enactment of the Compassionate Use Act in 1996 and the Medical Marijuana Program Act in 2003, the California electorate and Legislature have promised seriously ill Californians that they would be able to obtain and use marijuana where that use has been deemed appropriate by a physician.  In particular, the electorate has determined through its 1996 initiative that qualified medical marijuana patients may cultivate and possess amounts of marijuana that are reasonably related to their personal medical needs.  *People v. Kelly* (2010) 47 Cal.4th 1008, 1013; *People v. Trippet* (1997) 56 Cal.App.4th 1532, 1549.  Notwithstanding this state law, the County of Lake ("Lake County" or "County") arbitrarily limits the amount of marijuana qualified medical marijuana patients may cultivate through its enactment of Ordinance No. 2997, later codified as Measure N.  *See* Ordinance No. 2997 (or "Measure N") (attached hereto as Exhibit 1).

2.     The crux of this case, however, is not about the arbitrary limitations of Measure N, but, rather, is about the arbitrary and unconstitutional way that it is being enforced.  To eradicate small amounts of marijuana under the Ordinance, six or more of the defendants raid the residences of medical marijuana patients without a warrant or advance notice, dressed in camouflage military attire and bearing guns and sharp instruments (appearing to be axes and machetes), to chop down their plants.  The defendants have created fear for all residents of the County of Lake ("Lake County") and their actions violate both the warrant and due process requirements of the state and federal constitutions.  Injunctive relief and the imposition of damages are needed to restore these constitutional principles.

/ / /

/ / /

## II. JURISDICTION AND VENUE

3.     Plaintiffs bring this action to redress the deprivation of constitutional rights secured to them, and others, by the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Sections 7, 13 and 19 of the California Constitution.

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. §§ 1983, 1985, 1986 and 1988.  Plaintiffs also invoke supplemental jurisdiction over their state law claims against defendants pursuant to 28 U.S.C. § 1367, as the state claims form part of the same case or controversy.

5.     Venue is proper in this judicial district under 28 U.S.C. § 1391 because the events giving rise to the complaint occurred in the County of Lake, which is in this judicial district.

## III. THE PARTIES

**A.     Plaintiffs**

6.     Plaintiff MONA ALLEN ("Allen") is a resident of Lake County who has lived there with her husband in the home they own for fifteen years.  She is a sixty-year-old qualified patient under the laws of the State of California and, together with her husband, cultivated six (6) mature and six (6) immature marijuana plants for their personal medical needs.  On August 1, 2014, officers from the Lake County Sheriff's Department, and possibly other agencies, came to their home without a warrant or prior notice to eradicate their medicine.  Allen was not home at the time of the raid and did not voluntarily consent to the search or seizure.

7.     Plaintiff CARL RAY HARRIS ("Harris") is a resident of Lake County who has resided there for ten years in the home he owns.  He is a sixty-six-year-old qualified patient under the laws of the State of California who cultivated nine (9) medical marijuana plants for his personal medical needs.  On August 1, 2014, officers from the Lake County Sheriff's

Department, and possibly other agencies, came to his home without a warrant or prior notice to eradicate his medicine. Harris was not home at the time of the raid and did not consent to the search or seizure.

8. Plaintiff SHAUN JONES ("Jones") is a resident of Lake County who has lived there in his family-owned home for 14.5 years. He is a thirty-year-old qualified patient under the laws of the State of California who cultivated six (6) immature medical marijuana plants to alleviate symptoms associated with insomnia and anxiety. On August 1, 2014, officers from the Lake County Sheriff's Department, and possibly other agencies, came to his home without a warrant or prior notice to eradicate his medicine. Jones did not consent to the search or seizure, which prompted the defendants to gain access to his property by lifting the gate, which was part of the fencing surrounding his medical marijuana garden, off its hinges.

9. Plaintiff JONATHAN HOLT ("Holt") is a resident of Clearlake Oaks, Lake County, California, who has resided there for a total of fourteen years and owns the home in which he lived at the time of the incident. He is a fifty-one-year-old qualified patient under the laws of the State of California who cultivated fifteen (15) immature medical marijuana plants to treat symptoms associated with spastic esophagus, in accordance with California law. On August 1, 2014, at about 8:30 p.m., approximately seven (7) officers from the Lake County Sheriff's Department, and possibly other agencies, came to his home without a warrant or prior notice to eradicate his medicine. Holt did not voluntarily consent to the search, and only did so after the officers said they did not need a warrant to "abate" his marijuana plants.

10. Plaintiff SCOTT OUTHOUT ("Outhout") is a resident of Lake County who owns the home in which he has lived there for the past five years. He is a forty-five-year-old qualified patient under the laws of the State of California who cultivated four (4) mature medical

marijuana plants and two (2) immature medical marijuana plants in accordance with California law. On August 1, 2014, approximately seven (7) officers from the Lake County Sheriff's Department, and possibly other agencies, came to his home without a warrant or prior notice to eradicate his medicine. Outhout was not at home at the time of the search and seizure and did not consent to the search and seizure.

11.     Plaintiff ELVIN SIKES ("Elvin Sikes") is a resident of Lake County who has lived there for 14.5 years in the home he shares with his wife. He is a seventy-eight-year-old qualified patient under the laws of the State of California who, together with his wife, cultivated fourteen (14) immature medical marijuana plants to alleviate symptoms associated with lung cancer. On August 1, 2014, approximately six (6) officers from the Lake County Sheriff's Department, and possibly other agencies, came to his home without a warrant or prior notice to eradicate their medicine. Elvin Sikes did not voluntarily consent to the search or seizure, which prompted the defendants to gain access to his property by going through two fences to chop down the marijuana plants with sharp instruments.

12.     Plaintiff NINA FAYE SIKES ("Nina Sikes") is a resident of Lake County who has lived there for 14.5 years in the home she shares with her husband. She is a seventy-year-old qualified patient under the laws of the State of California who, together with her husband, cultivated fourteen (14) immature medical marijuana plants in accordance with California law. On August 1, 2014, approximately six (6) officers from the Lake County Sheriff's Department, and possibly other agencies, came to her home without a warrant or prior notice to eradicate their medicine. Nina Sikes did not voluntarily consent to the search or seizure, which prompted the defendants to gain access to her property by going through two fences to chop down the marijuana plants with sharp instruments.

13.    Plaintiff NICOLE VAN SCHAICK ("Van Schaick") is a resident of Lake County who has lived with her family in their family-owned home there for the past four years.  She is a forty-four-year-old qualified patient under the laws of the State of California who cultivated twenty-five (25) medical marijuana plants, in accordance with California law, to treat symptoms associated with the removal of her intestine.  On August 1, 2014, approximately six (6) officers from the Lake County Sheriff's Department, and possibly other agencies, came to her home without a warrant or prior notice to eradicate her medicine.  Van Schaick was at home at the time of the raid, along with her husband and five children, ages five to twenty-two.  She did not voluntarily consent to the search or seizure, which prompted officers to threaten the arrest of her husband when he asked for a warrant.

14.    Plaintiff PRESTON WARREN ("Warren") is a resident of Lake County who has lived there with his wife in the home they own for fifteen years.  He is a sixty-three-year-old qualified patient under the laws of the State of California and, together with his wife, cultivated six (6) mature and six (6) immature marijuana plants for their personal medical needs.  On August 1, 2014, officers from the Lake County Sheriff's Department, and possibly other agencies, came to their home without a warrant or prior notice to eradicate their medicine.  Warren was not home at the time of the raid and did not consent to the search or seizure.

15.    Plaintiff HAL MUSKAT ("Muskat") is a sixty-seven (67) year-old qualified medical marijuana patient under the laws of the State of California who currently resides in the County of Lake.  He has lived in the County of Lake for nineteen (19) years and has paid property taxes there for approximately thirteen (13) years.  Pursuant to California's medical marijuana laws, Muskat cultivated thirteen (13) medical marijuana plants adjacent to his residence to alleviate symptoms associated with chronic pain suffered from an injury while he

was a member of the United States Army. On July 19, 2014, Muskat was raided by approximately five to six members of the Lake County Sheriff's Department and other officials, who seized all but one of his medical marijuana plants without a warrant or any advance notice. Later, Muskat obtained three (3) marijuana plants from friends who are also medical marijuana patients, which will be ready for harvest in 2014.

16. Plaintiff CALIFORNIA CHAPTER OF THE NATIONAL ORGANIZATION FOR THE REFORM OF MARIJUANA LAWS ("California NORML") is a non-profit corporation headquartered in the Bay Area that advocates for the rights of adults to use medical marijuana in accordance with State law and has thousands of members throughout the State, as well as dozens of members in the County of Lake. Because the actions of the County of Lake defendants in this action impede the ability of its members to obtain safe access to the medicine deemed appropriate to them by a physician under California law, NORML has an interest on its own, and on behalf of its individual members, to seek a change in these actions.

**B.    Defendants**

17. Defendant COUNTY OF LAKE is, and at all times mentioned herein was, a municipal corporation within the State of California.

18. Defendant FRANCISCO RIVERO ("Rivero") is, and at all times mentioned herein was, the Sheriff of Lake County with final policymaking authority over the Lake County Sheriff's Department. On or about April 30, 2014, Rivero delegated his responsibilities as Sheriff to acting Undersheriff Chris Macedo. Rivero is sued in his individual and official capacities.

19. Defendant CHRIS MACEDO ("Macedo") is, and at all times mentioned herein was, the acting Undersheriff of Lake County. He was appointed to this position on April 30,

2014, by defendant Sheriff Rivero to administer the day-to-day operations of the Lake County Sheriff's Office.  Macedo is sued in his individual and official capacities.

20.     Defendant LOREN FREEMAN ("Freeman") is, and at all times mentioned herein was, a Warden with California's Fish and Wildlife agency.  He was present at several unconstitutional raids that are at issue here.  He is sued in his individual and official capacities, but not for damages in his official capacity.

21.     Defendant RICHARD COEL ("Coel") is, and at all times mentioned herein was, the Community Development Director of Lake County.  He developed the Summary Abatement Notices under Measure N that were used to eradicate plaintiffs' property.  Coel is sued in his individual and official capacities.

22.     Defendant DENNIS KIETHLY ("Kiethly"), is, and at all times mentioned herein, was a Deputy with the Lake County Sheriff's Office.  He was present at several unconstitutional raids that are at issue here.  He is sued in his individual and official capacities.

23.     Defendant JOE DUTRA ("Dutra"), is, and at all times mentioned herein, was a Deputy with the Lake County Sheriff's Office.  He was present at several unconstitutional raids that are at issue here.  He is sued in his individual and official capacities.

24.     Defendant STEVE HERDT ("Herdt"), is, and at all times mentioned herein, was a Deputy with the Lake County Sheriff's Office.  He was present at several unconstitutional raids that are at issue here.  He is sued in his individual and official capacities.

25.     Defendant MICHAEL LOCKETT ("Lockett"), is, and at all times mentioned herein, was the Chief Building Official for the County of Lake, which is a subagency of Lake County's Community Development Department.  Lockett was present at several unconstitutional raids that are at issue here.  He is sued in his individual and official capacities.

26. Defendant FRANK WALSH ("Walsh"), is, and at all times mentioned herein, was a Deputy with the Lake County Sheriff's Office. On information and belief, he supervised and was present at several raids at issue here. He is sued in his individual and official capacities.

27. Plaintiffs are ignorant of the true names of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and therefore allege that each of the Doe defendants is legally responsible and liable for the injuries and damages hereinafter set forth, and that each of the said defendants proximately caused said injuries and damages by reason of their violation of constitutional and legal rights.

28. Each of the defendants caused and is responsible for the below-described unlawful conduct and resulting injuries by, among other things: personally participating in the unlawful conduct or acting jointly or conspiring with others who did so by authorizing, acquiescing or setting in motion policies, plans or actions that led to the unlawful conduct; by failing to take action to prevent the unlawful conduct; and by ratifying the unlawful conduct that occurred by agents and officers under their discretion and control, including failing to take remedial steps or disciplinary action. In doing the acts alleged herein, defendants and each of them had a duty to protect the health and safety of the Plaintiffs, and they failed to exercise due care in the enforcement of that duty.

29. In doing the acts alleged herein, Defendants and each of them acted as the agent, servant, employee, partner, joint-venturer, co-conspirator and/or in concert with each of said other defendants; and in engaging in the conduct hereinafter alleged, were acting with the permission, knowledge, consent and ratification of their co-defendants, and each of them.

30.     In engaging in the conduct described herein, Defendants acted under color of law and in the course and scope of their employment with the County, or, in case of defendant Freeman, the State.  In engaging in the conduct described herein, Defendants exceeded the authority vested in them as law enforcement officers under the United States and California Constitutions and as police officers employed by Defendant County.

32.     The acts and omissions of Defendants as set forth herein were pursuant to the customs, policies, practices, and procedures of Lake County and its Sheriff's Department.

33.     Defendants' acts were willful, wanton, malicious and oppressive and done with conscious disregard and deliberate indifference to plaintiffs' rights, thereby justifying the award of exemplary and punitive damages.

## IV.     FACTS APPLICABLE TO ALL CAUSES OF ACTION

34.     On November 4, 1996, California voters passed Proposition 215, which is codified as "the Compassionate Use Act" ("CUA") at California Health & Safety Code § 11362.5, to "ensure that seriously ill Californians have the right to obtain and use marijuana for medical purposes. . . ."  *See* Health & Safety Code § 11362.5(b)(1).

35.     Seven years later, due to "reports from across the state [that] have revealed problems and uncertainties in the [Compassionate Use Act] that have impeded the ability of law enforcement officers to enforce its provisions as the voters intended and, therefore, prevented qualified patients and designated primary caregivers from obtaining the protections afforded by the act," the Legislature, on September 10, 2003, enacted Senate Bill 420, Stats. 2003 c.875 ("SB 420"), to clarify the CUA's protections.  *See* SB 420 § 1(a)(2).  This Act expressly allows qualified patients and their primary caregivers to cultivate and possess sufficient quantities of

marijuana as are reasonably related to their personal medical needs. *People v. Kelly* (2010) 47 Cal.4th 1008, 1013; *People v. Trippet* (1997) 56 Cal.App.4th 1532, 1549.

36.     Notwithstanding these state laws, in July of 2012, the County of Lake deemed the cultivation of medical marijuana above arbitrary figures a nuisance through its enactment of urgency ordinance No. 2977.

37.     Two years later, as the urgency ordinance was about to expire in June of 2012, the Lake County Board of Supervisors enacted Lake County Ordinance No. 2997 ("Measure N" or "Ordinance") (attached hereto as Exhibit 1). This is the Ordinance that is at issue here.

38.     Measure N provides, in pertinent part, that: all outdoor cultivation of marijuana in Community Growth Boundaries and parcels less than one (1) acre are prohibited, Ordinance No. 2997, Sec. 72.5(b); "[o]utdoor cultivation [which is permitted in other zoning districts] shall be completely screened from public view and the views of adjacent parcels with a fully enclosed solid fence of a minimum of six (6) but not more than eight (8) feet in height, with locked gates. . . . The Fence must be adequately secure to prevent unauthorized entry and include a locking gate that shall remain locked at all times when a Qualified Patient or Primary Caregiver is not present within the cultivation area," Ordinance No. 2997, Sec. 72.5(g); and "any violation of this ordinance shall constitute a public nuisance and shall be subject to abatement as provided by all applicable provisions of law, Ordinance No. 2997, Sec. 72.7(a).

39.     With respect to marijuana abatement procedures, Measure N provides as follows:

**72.8     Summary Abatement.** Unlawful marijuana cultivation in violation of Section 72.5(a) through (f) of this Article, or any unlawful indoor cultivation that results in unsafe electrical or structural violations, constitutes an immediate threat or danger to the health, safety and welfare of the public and may, therefore, be summarily abated in accordance with Government Code Section 25845. . . .

**72.9     Abatement procedures.** Notwithstanding section 72.9(a) of this Article, whenever an Enforcement Official determines that a violation of this Chapter

exists that results in a public nuisance, he or she shall direct in writing that the public nuisance be abated within five (5) business days. If the condition(s) continue beyond five (5) business days and are not abated by the property owner or tenant, the Enforcement Official shall be authorized to abate the nuisance.

(a) **Notice and Order to Abate Unlawful Marijuana Cultivation.** Whenever an Enforcement Official determines that a public nuisance as described in this Article exists on any property within the unincorporated area of Lake County he or she is authorized to notify the owner and/or occupant(s) of the premises through issuance of a "Notice and Order to Abate Unlawful Marijuana Cultivation".

40.     Similarly, Section 72.10 of the Ordinance provides in pertinent part:

**72.10  Enforcement**

(a)     Whenever the Enforcement Official becomes aware that an owner or occupant has failed to abate any unlawful marijuana cultivation within five (5) business days of the date of service of the Notice to Abate Unlawful Marijuana Cultivation, unless timely appealed, or the date of the decision of the Board of Supervisors requiring such abatement, the Enforcement Official may take one or more of the following actions:

1.     Enter upon the property and abate the nuisance by County, State or Federal personnel. The Enforcement Official may apply to a court of competent jurisdiction for a warrant authorizing entry upon the property for purposes of undertaking the work, if necessary. . . .

41.     The Ordinance vests "[p]rimary responsibility for enforcement of this ordinance . . . with the Sheriff of the County of Lake and his sworn officers. All other county officials with authority to enforce the County Code shall also have the authority to enforce this ordinance."

42.     The Lake County Sheriff's Department was active in drafting Measure N, together with the Community Development Department.

43.     In May of 2014, prior to the passage of Measure N, Sheriff Rivero stated publicly that Measure N is a good tool for abating medical marijuana cultivation in the County of Lake.

In particular, he stated that if Measure N passed, it would provide a good tool for the Lake County Sheriff's Office to eradicate medical marijuana cultivation in populated areas.

44.     On April 30, 2014, Sheriff Rivero appointed defendant Chris Macedo ("Macedo") to serve as acting Undersheriff for the County of Lake ("Undersheriff"), which means that Macedo will be responsible for all duties and assignments and will sit on all boards, panels and committees that the former acting Undersheriff performed.  In other words, Rivero delegated his responsibility to perform the day-to-day operations of the Sheriff's Department to Macedo on April 30, 2014.

45.     After it became clear that Measure N was going to pass, defendant Coel, in performance of his official duties as the Director of the Lake County Community Development Department, developed a Summary Abatement Notice form ("SA Notice") that could, and would be used in the field by the Sheriff's task force, and other defendants, to eradicate marijuana summarily without a warrant or advance notice under Measure N.

46.     The SA Notice provides that "[c]ultivation of marijuana in violation of Chapter 21, Article 72, Section 72.5(a) through (f) of the Lake County Code has been deemed to constitute an immediate threat to public health and safety, and is subject to Summary Abatement. Specifically, you are in violation of the following provision(s) of the Regulations for the Cultivation of Medical Marijuana: . . . "[o]utdoor cultivation prohibited within a Community Growth Boundary or on any parcel that is one (1) acre or smaller."  A true and correct copy of one such SA Notice provided to plaintiff Jonathan Holt is attached hereto as Exhibit 2.

47.     All, or nearly all of the plaintiffs received an SA Notice after their medicine was eradicated by Lake County officials and Lt. Freeman.

48.     To effectuate these warrantless raids on medical marijuana patients without prior notice, the defendants convened a task force of approximately six (6) officials from the Lake County Sheriff's Department ("LCSD"), the Lake County Community Development Department ("CDD") and California Fish and Wildlife (defendant Freeman).

49.     To this end, on July 19 and August 1, 2014, defendants Kiethly, Dutra, Herdt, Freeman, and Does 1 through 2 were personally involved in the unconstitutional search of plaintiffs' residences and eradication of their medical marijuana. They threatened to destroy the medical marijuana at issue, unless it was abated involuntarily by the homeowner.

50.     Specifically, on August 1, 2014, defendants Kiethly, Dutra, Herdt, Freeman, and Does 1 through 2, came to the home of plaintiff Jonathan Holt and eradicated his fifteen (15) medical marijuana plants without a warrant or advance notice. When they finished chopping down his plants with sharp instruments, they left the SA Notice developed by defendant Coel to document their actions.

51.     Also on August 1, 2014, defendants Kiethly, Herdt, Freeman and three others entered plaintiff Jones' property without a warrant or any advance notice and eradicated his seven (7) marijuana plants, including one clone. They, too, left Jones with the SA Notice developed by defendant Coel to document their actions.

52.     On information and belief, the same group of defendants came to the property of plaintiffs Elvin Sikes and Nina Faye Sikes to eradicate their medicine without a warrant or any advance notice. They, too, left the Sikes with a SA Notice.

53.     On August 1, 2014, the defendants, including defendant Kiethly, came to the property of plaintiff Nicole Van Schaick to eradicate her medicine without a warrant or any advance notice. When asked for a warrant one of the defendants took an aggressive stance

towards plaintiff Van Schaick's husband. After they eradicated her medicine, the defendants left an SA Notice with Van Schaick.

54.     Undersheriff Macedo has admitted that he was present at at least one of the August 1, 2014, raids in Spring Valley, which strongly indicates that he was present at other such raids on that date.

55.     Defendant Freeman admits that he led the August 1, 2014, raids on medical marijuana patients in Lake County with his state-issued truck and that he was personally involved in these raids on the plaintiffs.

56.     Through these actions, defendants Rivero, Macedo, Freeman, Coel, Kiethly, Dutra, Herdt, and Walsh conspired to deprive plaintiffs of their constitutional rights to be secure in their homes, in violation of California Constitution art. I, sections 7 and 13, and the Fourth and Fourteenth Amendments to the United States Constitution.

57.     An actual and substantial controversy exists between plaintiffs and defendants as to their respective legal rights and duties. Plaintiffs contend that, as applied to them and to others similarly situated, defendants' enforcement of Measure N is unlawful and unconstitutional, and malicious and wanton, thereby warranting the imposition of punitive damages. Defendants contend the opposite.

58.     If not enjoined by the Court, defendants will continue to implement Measure N in derogation of the rights of plaintiffs and other similarly situated qualified medical marijuana patients. Such implementation will impose irreparable injury on the plaintiffs and these other persons. Plaintiffs have no plain, speedy, and adequate remedy at law.

59.     The individually named plaintiffs have timely complied with California's tort claim requirements by filing tort claims with the County of Lake on November 4, 2014, which were

denied on November 5, 2014.

60.      With the exception of plaintiff Muskat, they also filed tort claims by mail with the State on January 31, 2015, which have yet to have been acted upon.

## V.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Violation of Plaintiffs' Fourth Amendment Rights (42 U.S.C. § 1983)**

**(Against All Defendants)**

61.      Plaintiffs reallege and incorporate by reference paragraphs 1 through 60 of this Complaint as though fully alleged herein.

62.      By entering the residences (or curtilage) of plaintiffs' property without a warrant, defendants violated the Fourth Amendment to the United States Constitution, which is a violation of 42 U.S.C. §§ 1983.

63.      As a direct and proximate result of defendants' illegal conduct, plaintiffs suffered actual injuries and damages.

64.      The acts and omissions alleged in this Complaint are indicative and representative of a repeated course of conduct by the defendants in unconstitutionally enforcing Measure N tantamount to a custom, policy or practice of the agencies of condoning and encouraging the disregard for the constitutional rights of Lake County citizens, as described herein.

65.      All of the defendants are sued in their official and individual capacities, except for defendant Freeman who is not being sued for damages in his official capacity.

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

## Violation of Plaintiffs' Fourteenth Amendment Rights (42 U.S.C. § 1983)

## (Against All Defendants)

66.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 65 of this Complaint as though fully alleged herein.

67.     By entering the residences (or curtilage) of plaintiffs' property without advance notice or an opportunity for a hearing, defendants violated the Fourteenth Amendment to the United States Constitution, which is a violation of 42 U.S.C. §§ 1983.

68.     As a direct and proximate result of defendants' illegal conduct, plaintiffs suffered actual injuries and damages.

69.     The acts and omissions alleged in this Complaint are indicative and representative of a repeated course of conduct by the defendants tantamount to a custom, policy or practice of the agencies of condoning and encouraging the disregard for the constitutional rights of Lake County citizens, as described herein.

## THIRD CAUSE OF ACTION

## Conspiracy to Violate Plaintiffs' Fourth Amendment Rights (42 U.S.C. § 1983)

## (Against All Defendants)

70.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 69 of this Complaint as though fully alleged herein.

71.     Defendants conspired with each other to violate the civil rights of plaintiffs, in particular, the Fourth Amendment right to a warrant prior to a search and seizure.

72.     Defendant Coel designed the SA Notice that was used to effectuate the unconstitutional searches and seizures without any advance notice.

73.     Defendant Rivero announced this unconstitutional plan prior to the enactment of Measure N and he later ratified it.

74.     Defendant Macedo executed this unconstitutional plan in his capacity as the acting Undersheriff for the County of Lake.

75.     Defendants Freeman, Kiethly, Herdt, and Walsh were personally present at these unconstitutional raids.

76.     By conspiring to enter the residences (or curtilage) of plaintiffs' property without advance notice or an opportunity for a hearing, defendants violated the Fourth Amendment to the United States Constitution, which is a violation of 42 U.S.C. §§ 1983.

FOURTH CAUSE OF ACTION

Conspiracy to Violate Plaintiffs' Fourteenth Amendment Rights (42 U.S.C. §§ 1983)

(Against All Defendants)

77.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 76 of this Complaint as though fully alleged herein.

78.     Defendants conspired with each other to violate the civil rights of plaintiffs, in particular, the Fourteenth Amendment right to due process.

79.     Defendant Coel designed the SA Notice that was used to effectuate the unconstitutional searches and seizures without any advance notice.

80.     Defendant Rivero announced this unconstitutional plan prior to the enactment of Measure N and he later ratified it.

81.     Defendant Macedo executed this unconstitutional plan in his capacity as the acting Undersheriff for the County of Lake.

82.     Defendants Freeman, Kiethly, Herdt, and Walsh were personally present at these unconstitutional raids.

83.     By conspiring to enter the residences (or curtilage) of plaintiffs' property without advance notice or an opportunity for a hearing, defendants violated the Fourteenth Amendment to the United States Constitution, which is a violation of 42 U.S.C. §§ 1983.

## FIFTH CAUSE OF ACTION

### Violation of California Constitution article 1, section 7

### (Against All Defendants)

84.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 83 of this complaint as though fully set forth herein.

85.     Article 1, section 7 of the California Constitution prohibits the deprivation of property without advance notice and the opportunity for a hearing.

86.     By entering the residences (or curtilage) of plaintiffs' property and destroying their medicine without any advance notice, defendants violated article I, section 7 of the California Constitution.

87.     As a direct and proximate result of defendants' illegal conduct, plaintiffs suffered actual injuries.

88.     The acts and omissions alleged in this Complaint are indicative and representative of a repeated course of conduct by the defendants tantamount to a custom, policy or practice of the agencies of condoning and tacitly encouraging the disregard for the constitutional rights of Lake County citizens, as described herein.

89.     Under California Government Code § 820(a), the individual officer defendants are liable for damages for their own misconduct.

90.     Under California Government Code § 815.2(a), the public entity employer is vicariously liable for conduct performed within the scope and course of their employment.

## SIXTH CAUSE OF ACTION

### Violation of California Constitution article 1, section 13

### (Against All Defendants)

91.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 90 of this complaint as though fully set forth herein.

92.     Article 1, section 13 of the California Constitution prohibits warrantless searches and seizures on the property, or against the property owned by plaintiffs.

93.     By entering the residences (or curtilage) of plaintiffs' property without a warrant, defendants violated California Constitution, article I, section13.

94.     As a direct and proximate result of defendants' illegal conduct, plaintiffs suffered actual injuries and damages.

95.     The acts and omissions alleged in this Complaint are indicative and representative of a repeated course of conduct by the defendants tantamount to a custom, policy or practice of the agencies of condoning and tacitly encouraging the disregard for the constitutional rights of Lake County citizens, as described herein.

96.     Under California Government Code § 820(a), the individual officer defendants are liable for damages for their own misconduct.

97.     Under California Government Code § 815.2(a), the public entity employer is vicariously liable for conduct performed within the scope and course of their employment.

# SEVENTH CAUSE OF ACTION

## Violation of California Civil Code § 52.1

### (Against All Defendants)

98.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 97 of this complaint as though fully set forth herein.

99.     Article 1, sections 7 and 13 of the California Constitution prohibit the warrantless searches and seizures of property without due process.  So, too, do the Fourth and Fourteenth Amendments to the United States Constitution.

100.     By entering the residences (or curtilage) of plaintiffs' property without a warrant or any advance notice or opportunity for a hearing, and damaging their property, under the threat of authority by law enforcement, defendants interfered with, and attempted to interfere by threats, intimidation, and coercion, with plaintiffs peaceable exercise of the rights secured to them by the federal and state constitutions, in violation of the Bane Civil Rights Act, Cal. Civil Code § 52.1.

101.     As a direct and proximate result of defendants' illegal conduct, plaintiffs suffered actual injuries and damages.

102.     The acts and omissions alleged in this Complaint are indicative and representative of a repeated course of conduct by the defendants tantamount to a custom, policy or practice of the agencies of condoning and tacitly encouraging the disregard for the constitutional rights of Lake County citizens, as described herein.

103.     Under California Government Code § 820(a), the individual officer defendants are liable for damages for their own misconduct.

104. Under California Government Code § 815.2(a), the public entity employer is vicariously liable for conduct performed within the scope and course of their employment.

## EIGHTH CAUSE OF ACTION

### Conspiracy to Violate California Civil Code § 52.1

### (Against All Defendants)

105. Plaintiffs reallege and incorporate by reference paragraphs 1 through 104 of this complaint as though fully set forth herein.

106. Article 1, sections 7 and 13 of the California Constitution prohibit the warrantless searches and seizures of property without due process. So, too, do the Fourth and Fourteenth Amendments to the United States Constitution.

102. By conspiring to enter the residences (or curtilage) of plaintiffs' property without a warrant or any advance notice or opportunity for a hearing, and damaging their property, under the threat of authority by law enforcement, defendants interfered with, and attempted to interfere by threats, intimidation, and coercion, with plaintiffs peaceable exercise of the rights secured to them by the federal and state constitutions, in violation of the Bane Civil Rights Act, Cal. Civil Code § 52.1.

103. As a direct and proximate result of defendants' illegal conduct, plaintiffs suffered actual injuries and damages.

104. The acts and omissions alleged in this Complaint are indicative and representative of a repeated course of conduct by the defendants tantamount to a custom, policy or practice of the agencies of condoning and tacitly encouraging the disregard for the constitutional rights of Lake County citizens, as described herein.

105.     Under California Government Code § 820(a), the individual officer defendants are liable for damages for their own misconduct.

106.     Under California Government Code § 815.2(a), the public entity employer is vicariously liable for conduct performed within the scope and course of their employment.

## NINTH CAUSE OF ACTION

## Conversion under California Law

## (Against All Defendants)

107.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 106 of this complaint as though fully set forth herein.

108.     Plaintiffs legally owned and possessed the medical marijuana they were cultivating at their residence under California law.

109.     On or about July 19 and August 1, 2014, defendants entered plaintiffs' property without a warrant or any advance notice and eradicated their property.

110.     Plaintiffs did not voluntarily consent to this.

111.     Defendants' actions were without right or justification and constituted the conversion of plaintiffs' property under the common law of the State of California.

112.     Defendants acted maliciously and in bad faith in that they knew or should have known that their actions were wrongful.

113.     As a direct and proximate result of defendants' illegal conduct, plaintiffs suffered actual injuries and damages.

114.     Under California Government Code § 820(a), the individual officer defendants are liable for damages for their own misconduct.

115. Under California Government Code § 815.2(a), the public entity employer is vicariously liable for conduct performed within the scope and course of their employment.

## TENTH CAUSE OF ACTION

### Trespass under California Law

### (Against All Defendants)

116. Plaintiffs reallege and incorporate by reference paragraphs 1 through 122 of this complaint as though fully set forth herein.

117. Plaintiffs' legally possessed the property at issue at the time of defendants' trespass.

118. Defendants' entry upon the curtilage of plaintiffs' homes was not authorized.

119. As a direct and proximate result of defendants' illegal conduct, plaintiffs suffered actual injuries and damages.

120. Under California Government Code § 820(a), the individual officer defendants are liable for damages for their own misconduct.

121. Under California Government Code § 815.2(a), the public entity employer is vicariously liable for conduct performed within the scope and course of their employment.

## V. RELIEF SOUGHT

WHEREFORE, plaintiffs, on behalf of themselves and others similarly situated, seek the following relief:

1. A declaration that the defendants' actions are unlawful and unconstitutional;

2. A temporary restraining order and preliminary and permanent injunction, enjoining the defendants and their agents and employees from entering the private property of

anyone without securing a warrant, by foot, motor vehicle, or helicopter, unless that property is in an open field;

3.     A temporary restraining order and preliminary and permanent injunction, enjoining the defendants and their agents and employees from entering the private property by foot, motor vehicle or helicopter of anyone and seizing their property without advance notice of at least five (5) days and the opportunity for a meaningful hearing;

4.     A temporary restraining order and preliminary and permanent injunction, enjoining the defendants and their agents and employees from taking continued action against anyone under the Ordinance where defendants failed to secure a warrant and/or failed to provide advance notice;

5.     A temporary restraining order and preliminary and permanent injunction, enjoining the defendants and their agents and employees from flying helicopters within 500 feet from the outer circumference of any residence;

6.     Damages and punitive damages, according to proof at trial;

7.     Treble damages for each violation of the Bane Civil Rights Act;

8.     Costs and attorneys fees incurred in this action; and

9.     Such other and further relief as this Court may be just and proper.


DATED:  March 12, 2015


                                    /S/  Joseph D. Elford
                                    JOSEPH D. ELFORD

# VERIFICATION

I declare that my offices are located in the County of San Francisco, which is not in the same county as the named plaintiffs, so I verify this Complaint on their behalf. My investigation, combined with the individual declarations, support my verification of the facts alleged in the instant complaint.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 12th day of March, 2015, in San Francisco, California.


＿＿＿/S/ Joseph D. Elford＿＿＿＿
JOSEPH D. ELFORD

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial of this action.


DATED:        March 12, 2015


                                        ___/S/  Joseph D. Elford___
                                        JOSEPH D. ELFORD