UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MONA ALLEN, et al.,

          Plaintiffs,

     v.

COUNTY OF LAKE, et al.,

          Defendants.

Case No. 14-cv-03934-TEH

**ORDER IMPOSING MONETARY SANCTIONS ON PLAINTIFFS' COUNSEL AND ORDER OF REFERRAL TO THE COURT'S STANDING COMMITTEE ON PROFESSIONAL CONDUCT FOR DISCIPLINARY PROCEEDINGS**

This matter is before the Court on an order for Plaintiffs' counsel to show cause as to why monetary sanctions should not issue for his repeated failure to submit documents in a timely fashion.  Order to Show Cause (Docket No. 123); *see also* Order re: Plaintiffs' Briefing (Docket No. 94).  After considering counsel's arguments in his response and at the hearing, IT IS HEREBY ORDERED that Plaintiffs' counsel shall pay sanctions in the amount of $250, and moreover, that this matter is hereby referred to the Court's Standing Committee on Professional Conduct, for the reasons set forth below.

**BACKGROUND**

This case was initially filed in August of 2014.  Compl. (Docket No. 1).  Since that time, Plaintiffs' counsel has repeatedly filed briefs and documents late, often followed by a "corrected" version hours or days later.  For example, Plaintiffs filed a motion for leave to amend their Complaint on their self-suggested deadline of October 20, 2014 to file such motion (Docket No. 61), and then filed an "amended motion" on October 24 (Docket No. 63).  In January of this year, Plaintiffs filed their opposition to Defendants' motion to dismiss at midnight on January 8 (although it was due on January 7) (Docket No. 82), and then filed a "corrected" opposition at 1:14 PM later that day (Docket No. 84).

United States District Court
Northern District of California

1   Because of this "troubling pattern" of late filings, which "confuse matters and

2   require additional effort in drafting a response," the Court instructed Plaintiffs' counsel in

3   February of this year that "late filings shall not be considered in the future, and will be

4   subject to monetary sanctions."  Order re: Plaintiffs' Briefing at 1.

5   The parties appeared for a case management conference on August 3, 2015.

6   (Docket No. 128).  Under the local rules, a joint statement was due seven days earlier.

7   Civil L.R. 16-10(d).  Defendants filed a statement on time, although the statement was

8   filed unilaterally because Plaintiffs' counsel could not contribute his portion by

9   Defendants' requested deadline of 3:30 PM on the day it was due.  Defendants' Updated

10  Case Management Conference Statement at 2 n.1 (Docket No. 119); Ex. 1 to Plaintiffs'

11  Response to Order to Show Cause at 2 (Docket No. 129-1).  Plaintiffs' counsel called the

12  Courtroom Deputy on July 28, the day after the statement was due, and stated that he

13  would submit his portion of the statement later that day.  However, Plaintiffs' counsel did

14  not file any statement prior to the case management conference, but only submitted one in-

15  person at the conference.  *See* Plaintiffs' Case Management Statement at 1 (Docket No.

16  127).

17  On July 28, the day after his case management conference statement was due, the

18  Court ordered Plaintiffs' counsel to show cause as to why monetary sanctions should not

19  issue, since he was previously instructed that late filings would be subject to monetary

20  sanctions.  Order to Show Cause at 1.  The Court ordered Plaintiffs' counsel to file a

21  response no later than August 4, 2015.  *Id.*  Plaintiffs' counsel filed a response on August 5

22  – one day late.  (Docket No. 129).

23  The Court held a hearing on the order to show cause on August 10, 2015.  (Docket

24  No. 130).  At the hearing, Plaintiffs' counsel stated that Defendants' early deadline for his

25  contribution to the joint statement caused his own submission to be late.  Hr'g Tr. at 4:9-13

26  (Docket No. 131).  Plaintiffs' counsel also stated that he did not file a unilateral statement

27  on time because he had an email exchange with Defense counsel in which Defense counsel

28  permitted him to file his statement a day late.  *Id.* at 5:9-13.  Plaintiffs' counsel also stated

– twice – that he submitted his case management conference statement the day after it was due.  *Id.* at 4:9-10 ("It's for that reason that I was one day late in filing my portion of the Case Management Conference Statement . . . ."); *id.* at 6:8-10 ("I did file a joint -- or my portion of the Case Management Conference Statement the following day, which was still six days before the case management conference . . . .").

Additionally, for both the August 3 case management conference and the August 10 hearing, Plaintiffs' counsel required the Court's clerk to sign him in to the federal building. When asked by the Court about this, Plaintiffs' counsel stated that his wallet had been stolen.  *Id.* at 8:1-2.  When the Court then asked what efforts Plaintiffs' counsel had made to replace his identification, he did not list any, but instead referred to his religious identity and stated that he didn't "believe that people should have to carry identification."  *Id.* at 8:19-21.

**LEGAL STANDARD**

The Court may impose monetary sanctions under its inherent power to "police itself."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991).  To deter abuse of the judicial process, a court may impose monetary sanctions "for the willful disobedience of a court order."  *Id.* at 45 (internal quotation marks omitted).  Additionally, "a court may assess attorneys' fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  *Id.* at 45-46 (internal quotation marks omitted).  "As long as a party receives an appropriate hearing . . . the party may be sanctioned for abuses of process occurring beyond the courtroom . . . ."  *Id.* at 57.  To award sanctions under its inherent powers, the court must "specifically find[] bad faith or conduct tantamount to bad faith. Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose."  *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

In addition, "In the event that a Judge has cause to believe that an attorney has engaged in unprofessional conduct, the Judge may . . . [r]efer the matter to the Court's Standing Committee on Professional Conduct." Civil L.R. 11-6(a).

**DISCUSSION**

The Court readily concludes that Plaintiffs' counsel's conduct warrants the imposition of monetary sanctions. As set forth in detail above, Plaintiffs' counsel has repeatedly filed briefs late, even after being warned that such late filings will be subject to monetary sanctions. Indeed, Plaintiffs' counsel filed his portion of the case management conference statement a full week late, even though he had notice from this Court's prior orders that the statement was due on July 27, and even though he called the Courtroom Deputy on July 28 and told her that the statement would be filed later that day.

The Court is not persuaded by counsel's explanation for his late filing. Defense counsel's request to receive Plaintiffs' counsel's portion of the statement by 3:30 PM on the day it was due did not in any way preclude Plaintiffs' counsel from filing the statement on time. At most, the request precluded the parties from filing a statement jointly. However, the parties' inability to file a statement jointly does not excuse either party's independent obligation to submit its portion of the statement on time. This is especially true here, where Plaintiffs' counsel has been warned about late filings in the past.

Nor is Plaintiffs' counsel's late filing excused by Defense counsel's agreement to let him file his portion late. The parties cannot simply agree not to be bound by the local rules and this Court's prior orders. Moreover, Plaintiffs' counsel did not provide any evidence of such an agreement in his response to the order to show cause.

Making matters worse, Plaintiffs' counsel submitted his response to the order to show cause a full day late. His response gave no explanation for the late filing of his response, nor did Plaintiffs' counsel explain it at the hearing.

The Court is also very concerned by Plaintiffs' counsel's statements at the hearing regarding the timing of his submission. Plaintiffs' counsel submitted his portion of the

4

case management statement one week after it was due, by handing his statement to the Court at the case management conference.  Yet, at the hearing, Plaintiffs' counsel twice stated, incorrectly, that he submitted his statement just one day after it was due.  Hr'g Tr. at 4:9-10 & 6:8-10.  Either Plaintiffs' counsel did not remember the day on which he submitted the late filing for which he was ordered to show cause, or he lied to the Court about the day.  Either scenario indicates a troubling degree of unprofessional behavior.

Considering the facts set forth above, the Court finds that Plaintiffs' counsel willfully disobeyed the Court's prior orders by repeatedly filing documents late after having been explicitly instructed not to do so.  Moreover, the Court finds that Plaintiffs' counsel's misrepresentation of the date on which he filed his portion of the case management conference statement and repeated arrival at the federal building without identification, requiring court staff to sign him in, constitutes unprofessional conduct tantamount to bad faith.

In order to deter such abuses of the judicial process, Plaintiffs' counsel shall pay monetary sanctions into the Court in the amount of $250 no later than **August 18, 2015**. The amount of such sanctions shall double if the Court does not receive payment by its close of business on that date.

In addition, the Court finds cause to believe that Plaintiffs' counsel has engaged in unprofessional conduct in the practice of law before this Court, and hereby refers the matter to the Court's Standing Committee on Professional Conduct, pursuant to Civil Local Rule 11-6(a)(1).

///

///

///

///

///

///

///

United States District Court
Northern District of California

**CONCLUSION**

For the reasons set forth above, Plaintiffs' counsel shall pay sanctions to the Court in the amount of $250, due no later than **August 18, 2015**, after which time the amount of sanctions shall double. Plaintiffs' counsel shall file written proof of payment to the Court no later than two days after payment is made. The matter is also referred to the Court's Standing Committee on Professional Conduct for further investigation.

**IT IS SO ORDERED.**

Dated:   08/11/15

THELTON E. HENDERSON
United States District Judge

United States District Court
Northern District of California

6