UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONA ALLEN, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>COUNTY OF LAKE, et al.,<br>　　　　Defendants. | Case No. 14-cv-03934-TEH  (DMR)<br><br>**ORDER ON DEFENDANTS' MOTION FOR SANCTIONS**<br>Re: Dkt. No. 153 |

On August 27, 2015, the parties submitted a joint letter brief regarding Defendants' motion to compel responses to discovery. [Docket No. 137 (Joint Letter).] The court conducted a hearing on October 8, 2015, and granted Defendants leave to file a motion for sanctions for discovery misconduct, which Defendants timely filed. [Docket Nos. 143, 153.]

Shortly before the March 10, 2016 hearing on sanctions, Plaintiffs filed an *ex parte* sealed declaration describing Plaintiffs' counsel's medical condition in 2015. [Docket No. 166-3.] At the hearing, Plaintiffs asked the court to consider the evidence *ex parte* as a mitigating factor in connection with Defendants' request for sanctions. The court ordered the parties to submit supplemental briefing on Plaintiffs' request. [Docket Nos. 171, 173, 174.] The court also ordered Defendants to submit evidence supporting the amount of attorneys' fees requested as a sanction. [Docket No. 175.]

For the following reasons, Defendants' motion for sanctions is granted in part.

**I.　BACKGROUND**

In this action, Plaintiffs Mona Allen, Carl Ray Harris, Jonathan Holt, Shaun Jones, Scott Oathout, Elvin Sikes, Nina Faye Sikes, Nicole Van Schaick, Preston Warren, and Hal Muskat sue Defendants County of Lake ("Lake County") and nine individual Defendants, challenging the warrantless abatement of marijuana on property pursuant to Lake County Ordinance No. 2997.

Plaintiffs, who are medical marijuana patients, allege that Defendants conducted warrantless searches of their residential properties without notice and seized their marijuana plants in violation of their constitutional rights. [Docket No. 111 (3d Am. Compl.).] On March 24, 2015, Defendants served all Plaintiffs with interrogatories and requests for production of documents ("RFPs"). [Docket No. 153-1 (Whitefleet Decl., Nov. 9, 2015) ¶ 2.)] Although Plaintiffs' responses were timely, Defendants considered them to be deficient. Defense counsel unsuccessfully attempted to meet and confer regarding the deficiencies, (*id.* at ¶¶ 3-8), and on July 28, 2015, Defendants filed a motion to compel further responses, and also requested monetary sanctions. [Docket No. 120.] On July 28, 2015, the Honorable Thelton E. Henderson referred the case to the undersigned for all discovery and ordered the parties to meet and confer. [Docket No. 122.] On July 29, 2015, the undersigned issued an order denying the motion to compel without prejudice, and directing the parties to meet and confer prior to filing a joint discovery letter. The order noted that Defendants could seek leave to file a motion for sanctions after the court ruled on the substantive discovery disputes. [Docket No. 124.]

At the August 4, 2015 case management conference, Judge Henderson ordered Plaintiffs to file, (i.e., not just serve), amended responses to Defendants' discovery by August 13, 2015. [Docket No. 128 (Aug. 4, 2015 Minute Entry).] On August 13, 2015, Defendants filed a unilateral discovery letter brief, asserting that Plaintiffs' counsel had failed to respond to efforts to meet and confer and participate in preparing a joint letter. [Docket No. 133 (Defs.' Letter Brief).] The letter also described deficiencies in Plaintiffs' discovery responses. Defs.' Letter Brief at 2-3; Whitefleet Decl. ¶¶ 9-12. Plaintiffs filed a responsive unilateral letter, asserting that Defendants "have failed to specifically identify what amended discovery responses they demand." [Docket No. 134.]

On August 19, 2015, the undersigned ordered the parties to meet and confer after service of Plaintiffs' amended responses, and to submit a joint letter regarding any outstanding disputes by August 27, 2015. The court noted that "**[a]ny failure to meet and confer in good faith and/or take substantially justified positions may result in sanctions.**" [Docket No. 136 (emphasis in original).]

Plaintiffs did not file amended discovery responses by August 13, 2015, as ordered by Judge Henderson.[1] On August 27, 2015, the parties submitted a joint letter brief in which Defendants represented that Plaintiffs had not served amended responses, notwithstanding Judge Henderson's order. [Docket No. 137.] According to Defendants, Plaintiffs had also failed to meet and confer regarding the substantive issues with their discovery responses. Whitefleet Decl. ¶¶ 13-15.

At the October 8, 2015 hearing, the court identified significant deficiencies in Plaintiffs' discovery responses and granted Defendants leave to move for sanctions for Plaintiffs' failure to comply with court orders, as well as their failure to provide discovery responses that were substantially justified.[2] This motion followed.

## II. LEGAL STANDARD

Federal Rules of Civil Procedure 33 and 34 provide that a party must serve responses and objections to interrogatories and RFPs within 30 days of service of the discovery. Fed. R. Civ. P. 33(b)(2), 34(b)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3) (emphasis added).

Rule 34 requires a party to produce or permit inspection of documents responsive to a request for production when such documents are in the party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). A party has control of a document when it has "the legal right to obtain documents upon demand." *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) (quotation omitted). The requesting party "is entitled to individualized, complete responses to each of the requests . . . , accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." *Louen v. Twedt,* 236 F.R.D. 502, 505 (E.D. Cal. 2006).

---

[1] Indeed, to date, Plaintiffs still have not complied with Judge Henderson's order to file amended discovery responses.

[2] The court also ordered the parties to meet and confer at defense counsel's offices, to agree upon a deadline by which Plaintiffs would serve amended responses to discovery, and to file a letter with the court setting forth the agreements reached by the parties. [Docket No. 143.] The parties timely filed a letter setting forth their agreements. [Docket No. 146.]

3

Pursuant to Rule 37, a party may move for an order compelling responses to discovery. Fed. R. Civ. P. 37(a)(3)(B). If the court grants the motion, it shall require the party whose conduct necessitated the motion to pay the moving party's reasonable expenses incurred in making the motion, including attorneys' fees, unless the opposing party's response was substantially justified. Fed. R. Civ. P. 37(a)(5)(A). Rule 37 also authorizes various sanctions, including attorneys' fees, for a party's failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A), (C). Finally, Civil Local Rule 37-1(a) provides that prior to filing a motion to compel further responses to discovery, counsel must meet and confer to attempt to resolve discovery disputes. If counsel for the moving party seeks to arrange such a conference and opposing counsel refuses or fails to confer, the court may impose an appropriate sanction, including attorneys' fees caused by the refusal or failure to confer.

## III.  DISCUSSION

### A.  Defendants' Entitlement to Sanctions

Defendants' sanctions motion is based on three grounds: 1) Plaintiffs' failure to comply with Judge Henderson's August 4, 2015 order to file amended discovery responses by August 13, 2015; 2) Plaintiffs' failure to comply with the court's July 29, 2015 and August 19, 2015 orders to meet and confer and thereafter submit joint letters; and 3) Plaintiffs' failure to provide substantially justified discovery responses.

As to the first basis, at the August 4, 2015 case management conference, Judge Henderson ordered Plaintiffs to file amended responses to Defendants' discovery by August 13, 2015. [Docket No. 128.] Plaintiffs do not dispute that they have never filed amended responses, and in their opposition, they do not offer any explanation for their failure to comply with Judge Henderson's order. Since Plaintiffs have not demonstrated that their failure to comply with Judge Henderson's August 4, 2015 discovery order was substantially justified, their conduct is subject to sanctions. *See* Fed. R. Civ. P. 37(b)(2)(A), (C).

With respect to the second basis for sanctions, the undersigned twice ordered the parties to meet and confer and to submit joint letters addressing any remaining disputes. [Docket Nos. 124, 136.] Defendants argue that Plaintiffs refused to meet and confer or otherwise participate in the

4

joint letter procedure in accordance with the July 29, 2015 order. Defendants also assert that following the August 19, 2015 order, Plaintiffs refused to meet and confer about the substantive issues with their discovery responses, claiming that other discovery disputes relieved them of the obligation to amend their discovery responses. Mot. for Sanctions at 6-7. Defendants submit ample evidence of their numerous unsuccessful attempts to meet and confer with Plaintiffs' counsel, including letters, telephone calls, and emails. Whitefleet Decl. ¶¶ 9-15; Exs. E-H. In response, Plaintiffs argue that they were the ones who repeatedly requested to meet and confer, and that "such meetings were held repeatedly before the filing of the motion to compel." According to Plaintiffs, they "have made every effort to work with defendants in ameliorating any discovery disputes, but their efforts have only met with contention or convenient excuses." Pls.' Opp'n at 2. Although Plaintiffs make these sweeping statements, they offer no evidence to support their contentions, and do not otherwise challenge or rebut Defendants' evidence. Plaintiffs' repeated failures to meet and confer are therefore subject to sanctions.

Finally, Defendants seek sanctions based upon the insufficiency of Plaintiffs' discovery responses. As discussed at the October 8, 2015 hearing, some of these responses were plainly deficient. For example, several responses to interrogatories were incomplete and/or in draft form, or were internally inconsistent with other responses.[3] In response to RFP 23, which asked for documents pertaining to any agreements with Plaintiffs' landlords regarding cultivating marijuana at the residences at issue, certain Plaintiffs simply responded "No." Plaintiffs' identical responses to RFPs 1 and 4-11 also were insufficient, as they consisted of a "cut and paste" blanket list of documents. It was not clear which documents were produced on behalf of which Plaintiffs, because the documents themselves were not properly labeled, and the responses made no effort to provide this information. The responses also did not indicate whether Plaintiffs' responses to each RFP were complete. Plaintiffs attempted to defend their responses by arguing that Defendants

---

[3] For example, Interrogatory No. 1(e) asked Plaintiffs to state the full name of any spouse. Holt's response stated ""Married; insert any previous spouses." Interrogatory No. 3 asked Plaintiffs to identify the physical address of their residences at the time of the incident. Holt provided an address that was inconsistent with his other discovery responses.

5

could obtain the information through depositions.  They also asserted that most of the documents sought by Defendants were already in Defendants' possession, custody, or control.[4]  These arguments are unavailing.  The fact that the opposing party may already possess some of the requested information, or could obtain it through another discovery device, does not excuse a party from providing complete, accurate, and thorough responses.  Plaintiffs could have ameliorated the situation by engaging in meaningful meet and confer sessions as ordered, and serving timely amendments to their plainly deficient responses.  Plaintiffs repeatedly failed to do so.  The court finds that Plaintiffs' responses to the interrogatories and RFPs were not substantially justified, and are thus subject to sanctions.

### B. The Amount of Sanctions

Defendants seek an award of $9,668.50 in sanctions, representing attorneys' fees incurred as a result of Plaintiffs' discovery misconduct.  Defendants submitted evidence of the attorneys' fees requested in the form of billing records.  [Docket No. 175 (Whitefleet Decl., March 24, 2016 (2d Whitefleet Decl.).][5]

The court determines reasonable attorneys' fees according to the lodestar analysis, which multiplies the number of hours reasonably expended on the matter by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1262 (9th Cir. 1987).  The reasonable hourly rate depends on "the prevailing market rates in the relevant community."  *Blum v. Stenson*, 465 U.S. 886, 896 (1984).  Although the court presumes that the lodestar represents a reasonable fee, *Jordan*, 815 F.2d at 1262, the court may adjust the award if other factors make it unreasonable.  *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).  The court "should . . . exclude from the lodestar fee calculation any hours that were

---

[4] In their opposition to Defendants' motion for sanctions, Plaintiffs also argue that they are not required to bates-stamp documents produced in response to RFPs, citing *Continental Insurance Co. v. Chase Manhattan Mortg. Corp.*, 59 Fed. Appx. 830 (7th Cir. 2003).  The relevance of this argument is unclear, as Defendants did not raise the issue of Plaintiffs' failure to bates-stamp documents in either their motion to compel or motion for sanctions.

[5] Defendants explain in a supplemental declaration that the total sum of fees billed in connection with this dispute is actually $10,822.50, but that they are limiting their demand to the sum requested in the motion, which is $9,668.50.  2d Whitefleet Decl. ¶ 6.

United States District Court
Northern District of California

not 'reasonably expended,' such as hours that are excessive, redundant, or otherwise unnecessary." *Rodriguez v. Barrita, Inc.*, 53 F. Supp. 3d 1268, 1281 (N.D. Cal. 2014) (quoting *Hensley*, 461 U.S. at 433-34).

Attorneys John Whitefleet and Jeffrey Clause seek hourly rates of $215 and $195, respectively, for work necessitated by Plaintiffs' discovery misconduct. Whitefleet has practiced law for 14 years. Whitefleet Decl. ¶ 17. Clause has been admitted to practice law since 2014. 2d Whitefleet Decl. ¶ 4. The court finds the requested rates are well within the range of reasonable hourly rates for attorneys of comparable skill and experience litigating similar cases in the San Francisco Bay Area.

Defendants seek attorneys' fees incurred in connection with: 1) meeting and conferring regarding Plaintiffs' deficient discovery responses; 2) preparing Defendants' July 28, 2015 motion to compel and subsequent joint discovery letters; and 3) preparing the present motion for sanctions. The court has carefully reviewed Defendants' billing records. As to the first two categories, the court disallows time spent meeting and conferring prior to the filing of Defendants' July 28, 2015 motion to compel. Defendants were required to meet and confer with Plaintiffs prior to moving to compel pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37-1(a). The court also disallows time spent drafting the July 28, 2015 motion to compel, which the court denied without prejudice. Finally, the court disallows time spent meeting and conferring on issues that were not raised in the parties' August 13, 2015 and August 27, 2015 discovery letter briefs. This includes the parties' stipulation to dismiss the California Chapter of the National Organization for the Reform of Marijuana Laws ("NORML") as a plaintiff. The amount of recoverable time is 18.8 hours at the hourly rate of $215, for a total of $4,042.00.

As to the preparation of the motion for sanctions, Defendants seek compensation for a total of 26.9 hours, with 16.8 hours billed at the hourly rate of $195 and 10.1 hours billed at $215 per hour, for a total of $5,447.50. The court does not find the hours spent to be "excessive, redundant, or otherwise unnecessary," *Hensley*, 461 U.S. at 434. Thus, the total amount of potential sanctions for Plaintiffs' discovery misconduct is $9,489.50.

7

### C. Plaintiffs' Counsel's Medical Condition

As noted, prior to the hearing on this sanctions motion, Plaintiffs filed an *ex parte* declaration under seal in which Plaintiffs' counsel Joseph Elford described his medical condition in 2015, and attached supporting evidence from three of his treating physicians. [Docket No. 166-3 (under seal) (the "medical evidence").] Plaintiffs ask the court to consider the medical evidence *ex parte* and *in camera*, and to take Elford's medical condition into account as a mitigating factor in connection with Defendants' request for sanctions. Specifically, Plaintiffs offer the evidence "to shed light on" Elford's conduct in this litigation in 2015. [Docket No. 171 at 1.]

Defendants objected to Plaintiffs' request that the court consider counsel's medical evidence *ex parte*. Following the hearing, the court ordered briefing on Plaintiffs' request for *ex parte* consideration (Docket No. 172), which the parties timely filed. [Docket Nos. 171, 173, 174.]

Plaintiffs do not cite any authority addressing these circumstances, i.e., whether a court may consider sensitive information *ex parte* and *in camera* as evidence of a mitigating factor in connection with a motion for sanctions. Instead, they rely primarily on *In re John Doe, Inc.*, 13 F. 3d 633 (2d Cir. 1994), in which the Second Circuit reviewed the use of an *in camera ex parte* procedure by which a district court evaluated the basis for invocation of the crime-fraud exception to the attorney client privilege in connection with a grand jury proceeding. The court reiterated its prior holding that "where an *in camera* submission is the only way to resolve an issue without compromising a legitimate need to preserve the secrecy of the grand jury, it is an appropriate procedure." *Id*. at 636 (citing *In re John Doe Corp.*, 675 F.2d 482, 490 (2d Cir. 1982)). Plaintiffs acknowledge that the case is distinguishable, but argue that the Second Circuit's holding stands for the proposition that "*in camera* review is . . . appropriate where, as here, the need for confidentiality outweighs the need for disclosure." [Docket No. 174 at 3 (citing *In re John Doe Corp.*, 675 F.2d at 490).]

Defendants oppose Plaintiffs' request for *ex parte* consideration of the medical evidence. They argue that they are "still left in the dark as to the contents of what counsel is asking the court to consider," and are unable to evaluate or challenge any of the statements made in counsel's

8

declaration. [Docket No. 173 at 4.] Nonetheless, Defendants state that they "are certainly . . . cognizant that physical or mental conditions may cause a delay[] in proceedings or day-to-day issues, and do not desire to be insensitive to delicate issues." *Id*. at 5. They note, however, that they were forced to seek court intervention with respect to discovery from Plaintiffs, causing them to incur unnecessary expenses. *Id*.

The information Plaintiffs ask the court to consider *ex parte* consists of sensitive, highly personal medical information related to Elford's medical condition in 2015. The court can decide the matter without engaging in a detailed analysis of Elford's private medical issues. To the limited extent that the court relies upon information in the Elford declaration, the court finds that such information should not have been provided *ex parte*, and is not subject to sealing. Defendants thus will not be prejudiced by their inability to learn sensitive medical details upon which the court does not rely. The court therefore finds that it is appropriate to consider Elford's declaration to determine whether his medical condition in 2015 mitigates against the imposition of sanctions.

In relevant part, Plaintiffs contend that Elford's medical condition was undiagnosed and untreated from approximately Spring 2015 through December 2015, overlapping with the discovery misconduct described above. According to Elford, his medical condition impacted his professional conduct during that time, and Plaintiffs ask the court to conclude that the symptoms of Elford's medical condition contributed to the discovery misconduct at issue in this motion. Elford states that he is under the care of a physician and has taken steps to ensure that his medical condition does not interfere with his professional conduct, including associating in co-counsel in this litigation. [*See* Docket No. 164 (Notice of Association of Counsel).]

Rule 37 specifically contemplates situations where discovery sanctions may be warranted but "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). Reduced to its essentials, the sanctionable behavior in this case amounts to sloppy work and the repeated failure to engage with opposing counsel in meaningful court-ordered meet and confer sessions. To be sure, this behavior is completely unacceptable. But the conduct did not result in significant prejudice to Defendants other than to force them to expend more resources than

1 warranted to obtain basic discovery. The court recognizes that Elford's medical condition 2 contributed to the sanctionable behavior, but is also cognizant of the fact that Defendants were 3 unnecessarily forced to seek court intervention and to incur unnecessary legal expenses. The court 4 also takes note of Elford's statements that he has attended to his medical needs, and has taken 5 meaningful steps to make sure it does not interfere with his professional responsibilities. On 6 balance, the court finds that a sanction of $2,500 is justified in these circumstances. The sanctions 7 shall be paid by Plaintiffs and/or their counsel to Defendants within 45 days of the date of this 8 order.

## IV. CONCLUSION

For the foregoing reasons, the court grants in part Defendants' motion for sanctions and awards attorneys' fees in the amount of $2,500.00, which must be paid within 45 days of the date of this order. Upon pain of further sanctions, Plaintiffs shall also immediately comply with Judge Henderson's August 4, 2015 order to file amended discovery responses.

**IT IS SO ORDERED.**

Dated: October 12, 2016



Donna M. Ryu
United States Magistrate Judge