UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MONA ALLEN, et al.,

    Plaintiffs,

v.

COUNTY OF LAKE, et al.,

    Defendants.

Case No. 14-cv-03934-TEH

**ORDER RE: JANUARY 18, 2017 HEARING**

Counsel shall come prepared to address the following questions at the January 18, 2017 hearing:

**For Plaintiffs:**

1. Is it your position that Ordinance N itself is unconstitutional? Or that its implementation is unconstitutional? Please explain your position.
2. You failed to respond to Defendants' arguments that they are shielded from liability under state immunity statutes. Why should the Court not find that your failure to respond is a concession that Defendants are correct on this point?
3. The County Defendants argue that even if the Court were to recognize a state-based property right in medical marijuana, Plaintiffs claims must fail because most, if not all, of the Plaintiffs were in violation of Ordinance N. *See* ECF No. 200, at 8:4–23 (citing *Chavez v. Superior Court*, 123 Cal. App. 4th 104 (2004) and *Littlefield v. Cty. of Humboldt*, 218 Cal. App. 4th 243 (2013)). Do you agree that a violation of Ordinance N may void a lawful possession of medical marijuana?
4. Both Defendants argue Plaintiffs' own statements that they were in lawful possession of medical marijuana are not admissible evidence of lawful possession according to *Littlefield*, 218 Cal. App. 4th at 256–57. *See* ECF No. 200 at 9:1–13; ECF No. 198, at 6:6–17; ECF No. 199, at 14:8–11. Why should *Littlefield* not govern here?

**For Defendants:**

1. **For County and Freeman:** You argue qualified immunity applies to the officers who implemented the warrantless abatements because it was not "clearly established" that such conduct was unlawful. *See* ECF No. 189 at 26: 18–23; ECF 187, at 23:10–12. Please explain why *Conner v. City of Santa Ana*, 897 F.2d 1487 (9th Cir. 1990) would not have put the officers on notice that their alleged conduct was unlawful.
2. **For County:** You argue Plaintiffs cannot show the existence of a custom, for purposes of *Monell* liability, because of the "minimal time (a few weeks) that passed between the Ordinance's [enactment] and these enforcements." ECF No. 200, at 11:7–11. Is it your position that the establishment of a custom requires a minimum duration requirement?
3. **For County:** Do you concede that all the summary abatements conducted on Plaintiffs' properties were done without a warrant?
4. **For Freeman:** You argue that because you had implied authority to be on Allen and Warren's property, you are entitled to summary judgment for any trespassing claims arising from the incident under Cal. Govt. Code § 821.8. ECF No. 187, at 31. However, the legal authority you cite in support of your claim that Freeman had a right to be on the property discusses overcoming resistance in the context of making an arrest. *Id.* (citing *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 527 (2009) and Cal. Penal Code § 835a). How does your legal authority extend to Freeman's conduct at the Allen-Warren property?

**For all parties:**

1. Regarding Plaintiff Nina Sikes Motion for Substitution (ECF No. 184):
   a. Have the parties made any progress on resolving this issue since the motion was filed?
   b. Do the parties agree that Plaintiff Nina Sikes is entitled to at least one-third of Elvin Sikes' claim in this action?
   c. Assuming the Court orders re-opening of discovery, how long would the parties need to accomplish this? Why should the Court not simply order Plaintiff N. Sikes to supply such information within seven days?

///

///

2

2. Assuming this case proceeds to trial, the parties shall come ready to discuss which of the following schedules is most favorable:

|  | **Pretrial Statement Deadline** | **Pretrial Conference** | **Trial Dates (estimated 8-day maximum)** |
|---|---|---|---|
| **Option 1** | February 6, 2017 | February 21, 2017 | March 7, 2017- March 16, 2017 |
| **Option 2** | February 10, 2017 | February 27, 2017 | March 14, 2017 -March 23, 2017 |
| **Option 3** | March 6, 2017 | March 20, 2017 | April 4, 2017- April 13, 2017 |
| **Option 4** | March 20, 2017 | April 3, 2017 | April 18, 2017- April 27, 2017 |

**IT IS SO ORDERED.**

Dated: 1/17/2017   _____
THELTON E. HENDERSON
United States District Judge

3